Isaac Russell, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. An indictment for malpractice in office alleged that, at a specified time and place, a possessory warrant was tried before the defendant, a justice of the peace of Chatham county, possession of the property was awarded to the plaintiff, and an execution issued against the defendant therein for costs; that, when the plaintiff demanded possession, the justice refused to deliver the property, had an entry of *nulla bona* made on the execution, and a levy

made on the property in dispute, although plaintiff offered to point out property belonging to the defendant:

*Held*, that a motion in arrest of judgment, on the ground of faulty pleadings, was properly overruled.

2. There was no error in requiring the defendant to produce his docket and such official papers as were relevant to the issue.

3. Parol evidence was not competent to prove the contents of such papers, until the production of the original had been sought in the manner prescribed by law, or their loss or destruction shown.

4. The court erred in ruling that the solicitor general had a right to argue that defendant's unwillingness to produce his official papers was a virtual confession that they would criminate him.

5. The jury having nothing to do with the punishment prescribed, the better practice is not to give the law concerning it in charge.

Criminal law. Malpractice. Production of papers. Evidence. Practice in the Superior Court. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case :

Defendant made a motion in arrest of judgment on the following grounds: 1st. Because the indictment does not set forth the elements necessary to constitute an offense. 2d. Because it does not set forth the merits of the complaint.

Defendant also moved for a new trial, on the following, among other grounds :

1st. Because the court granted an order requiring defendant to produce his official docket and the papers in the possessory warrant case, and admitted them in evidence.

2d. Because the court admitted parol evidence to show the contents of the execution alleged to have been issued against Hancock, the plaintiff, the course pointed out by law for the procurement of the original not having been pursued.

3d. Because the court refused to interfere, at the instance of defendant's counsel, when the solicitor general stated in argument that defendant had confessed his guilt when he protested against an order requiring him to bring his papers into court, because he admitted that the evidence of the papers would criminate him.

4th. Because the court charged that the punishment for this offense was not as in cases of misdemeanor usually, but was only fine or imprisonment in the jail (without labor in the chain-gang, in the discretion of the court,) and removal from office, but did not charge that a person so convicted could not register, vote, or hold office. Also because the court charged that the jury could recommend to mercy, but did not state that such recommendation would not prevent the above penalties.

Both motions were overruled, and defendant excepted.

JOHN M. GUERARD ; R. E. LESTER, for plaintiff in error.

A. R. LAMAR, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of malpractice in office as a justice of the peace, and on his trial therefor, was found guilty. The defendant made a motion in arrest of judgment, and also a motion for a new trial, on the several grounds therein set forth, both of which motions were overruled by the court, and the defendant excepted.

The malpractice in office, with which the defendant is charged, consists in his issuing an execution against the plaintiff, in a possessory warrant case tried before him, for the sum of $14 75, after deciding that the plaintiff was entitled to the possession of the property, and causing the same to be levied on the plaintiff's property to enforce the collection of said costs, and in directing Crean, a constable, to make a return on a *fi. fa.* issued against Jones, the defendant, in said possessory warrant case for said costs, that he could not find any property of Jones to levy on to satisfy it, when the said plaintiff offered to point out property of Jones sufficient, and liable thereto, to satisfy the same, and in refusing to order the property to be turned over to the plaintiff until said costs were paid, etc.

1. The motion in arrest of judgment was properly overruled. The indictment specially set forth the merits of the

complaint against the defendant as a justice of the peace, as required by the 4504th section of the Code. Whether the defendant acted wilfully, oppressively, or with tyrannical partiality unbecoming the character of an upright magistrate, or whether his acts were merely errors of judgment in regard to his official duty, were questions to be determined from the evidence, the presumption being in favor of the defendant.

2. There was no error in requiring the defendant to produce his official docket and the official papers in the case of Hancock against Jones. Requiring a defendant to produce his private papers, his private property, to be used as evidence against him, is one thing, but to require a public officer to produce the official records and papers in his office, the property of the public, to be used on the trial of a case in which his official conduct is involved, is another and quite a different thing in the eye of the law.

3. The allowing parol evidence to be introduced by the state of the contents of the execution alleged to have been issued by the defendant against Hancock on the 29th of November, 1875, without first having pursued the course pointed out by law to procure the original execution, or have shown its loss or destruction, was error. That execution was a material paper in the case, and the court had quite as much power to have required the defendant to produce that paper as any of the other papers appertaining to the possessory warrant case.

4. The court also erred in deciding, when its attention was called to the concluding argument of the solicitor general to the jury, by the defendant's counsel, "that the solicitor general could legally argue that facts in evidence were really admissions by the defendant of the offense laid to his charge," thus assuming, in the presence and hearing of the jury, that the statement made to them by the solicitor general, and which was complained of by the defendant, was evidence before the jury of the defendant's admission of the offense with which he was charged. It appears from the record and bill of exceptions that, during the progress of the trial, the de-

fendant's counsel protested and objected against the right of the court to compel him to produce the papers in the possessory warrant case, to be used as evidence against him, which protest and objection the court overruled. The solicitor general, in his concluding argument to the jury, stated "that when the defendant, by his attorney, protested against being compelled, under the order of the court, to produce the papers mentioned in that order, he had confessed his guilt of the crime wherewith he was charged in the indictment, because he had, by such protest, *admitted* that the evidence contained in said papers would criminate him;" when the defendant, by his counsel, called the attention of the court to the above misstatement, and requested that the same should be corrected, the court refused to do so, but sustained the assumption of the solicitor general before the jury, that the assertion by the defendant of what he deemed to be his legal rights before the court, was evidence of an admission of his guilt, whereas the assertion of his legal rights before the court, through his counsel, was no evidence of his guilt whatever, for the consideration of the jury, and the statement of the solicitor general in his argument to the jury that it was an admission of guilt, should have been corrected by the court instead of being indorsed by it. This error was well calculated to have injured the defendant on the trial of the case, and most probably did injure him.

5. In regard to the charge of the court as to the punishment of the defendant in this class of cases, we would simply remark, that the jury have nothing to do with the punishment prescribed by law for the offense, and it is much the better practice for the court to say nothing about it in its charge to them.

Let the judgment of the court below be reversed.