[No. 1,039.]

## THE STATE OF NEVADA, RESPONDENT, *v.* ANTOINE VASQUEZ, APPELLANT.

CRIMINAL LAW—TESTIMONY OF DEFENDANT—INSTRUCTIONS.—The court instructed the jury, that in all cases the testimony of the defendant, in his own behalf, should be received "with great caution; for when one is being tried for a capital offense, the temptation to pervert or distort the facts in favor of himself is very great:" *Held*, erroneous.

VERDICT RECOMMENDING DEFENDANT TO THE MERCY OF THE COURT—DUTY OF JURY.—*Held*, that the court should have disregarded the request of the jury for instructions as to their duty in recommending the defendant to the mercy of the court. The duty of the jury is to find a verdict as to the guilt or innocence of the defendant.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts appear in the opinion.

*R. M. Beatty*, for Appellant.

*M. A. Murphy, Attorney General*, for Respondent.

By the Court, LEONARD, C. J.:

Appellant was convicted of murder of the second degree. This appeal is taken from the judgment and from an order overruling a motion for new trial. At the trial appellant testified in his own behalf, and in substance stated that, at the time of the homicide, he and Garcia, the deceased, were friends; that he had no reason for killing him, and no desire to do so, and that Garcia's death was the result of an unintentional discharge of his pistol.

The court instructed the jury, if they believed from the evidence, that the deceased met his death by the uninten-

tional discharge of the pistol they must acquit the defendant; but the following instruction was also given:

"You are instructed that in the trial of all indictments, complaints, and other proceedings against persons charged with the commission of crimes or offenses, the person so charged shall, at his own request, but not otherwise, be deemed a competent witness; the credit to be given to his testimony being left solely to the jury, under the instructions of the court.

"The foregoing is a copy of the law of this state giving defendants the privilege of testifying in their own behalf; and from it you will observe that you are the sole judges of the *degree* of credibility which such testimony shall receive; and you are instructed that you are at liberty to believe all the testimony of the defendant, or you are at liberty to disbelieve the whole thereof, or you may believe a portion of his testimony and disbelieve a portion. In all cases, jurors should receive such testimony with great caution—for when one is being tried for a capital offense the temptation to pervert or distort the facts in favor of himself is very great."

In our opinion, the recent decision of this court in the case of *The State* v. *Johnson and O'Brien*, is decisive of this appeal, and that on principle, as well as upon the authority of that case, the last portion of the instruction quoted can not be upheld. Courts can not so charge a jury as to impress upon their minds that any witness has testified falsely. Jurors may be informed as to the matters to be considered in determining the credibility of witnesses, but they can not be instructed, directly or indirectly, that any witness has perverted or distorted the facts. And when a defendant in a criminal case makes himself a witness, he has the right to have his testimony received and considered according to the rules adopted in relation to other witnesses. The last part of the instruction under consideration advised the jury to look upon the testimony of defendant with suspicion because he was charged with a capital offense. An innocent person may be charged with crime. If so, his case is indeed a rare exception, if he is tempted to distort the facts, because truth will then serve him best.

We think, also, that the court should have disregarded the request of the jury for an instruction as to their rights and duties in recommending the defendant to the mercy of the court. The sole duty of the jury is to declare by their verdict whether the defendant is guilty or not guilty.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.