315 A.2d 431.

STATE *vs.* CHARLES T. HAIGH, JR.

FEBRUARY 26, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. Charles T. Haigh, Jr. was adjudged guilty by a justice of the Superior Court sitting without a jury on an indictment which charged him with unlawfully posses-

sing and carrying a noxious liquid, gas and substance, to wit: tear gas, with intent to use the same against the person of another in violation of G. L. 1956 (1969 Reenactment) §§11-47-21 and 11-47-26. The defendant is before us on a bill of exceptions to the decision, the denial of his demurrer, and the denial of his motion to suppress.

On January 20, 1970, at approximately 1 p.m., defendant arrived at 128 Tell Street in the city of Providence to evict Mrs. Susan DeCiantis, a tenant residing on the second floor at that address. Haigh, accompanied by Aram K. Berberian and five other unidentified males, was acting in his capacity as a "crew chief" for Landlord's Eviction Service, which had been retained by the landlord, Mr. Pusateri, to evict Mrs. DeCiantis. Haigh served a writ of eviction on Mrs. DeCiantis, took the apartment's front door off its hinges, and directed his crew to remove the furniture. Mrs. DeCiantis, together with her daughter and a friend, Mrs. Costa, tried unsuccessfully to stop this "self-help" eviction by their own means for approximately two hours. Between 3 and 3:30 p.m., Mrs. Costa called the Providence police department to make a complaint and request police assistance.

Sergeant William McLaughlin of the Providence police arrived at the scene at approximately 3:45 p.m. He observed a group of people in Mrs. DeCiantis' second floor apartment arguing with each other over the removal of the furniture. He and other police officers who had already arrived at the scene separated defendant and his "crew" from Mrs. DeCiantis and her allies in an effort to restore order. At this time, Mrs. DeCiantis, her daughter, and her friend, Mrs. Costa, complained to Sergeant McLaughlin that defendant had injured their backs and legs by pushing, shoving, and punching them. Sergeant McLaughlin observed that they were in a state of disarray, and that Mrs. Costa's dress had been ripped. He wrote down their

complaints, and ordered defendant arrested for assault. Patrolman John Corley placed defendant under arrest, searched him, and found a tear gas cannister in a holster under his sport jacket. He thereupon placed defendant in the police wagon and brought him to central station where he was charged with violating §11-47-21.

Mrs. Costa testified that defendant took a cannister from his pocket, told her it was tear gas, pointed it at her, and threatened to use it if she interfered with the eviction.

Mrs. DeCiantis testified that defendant took a can out of his pocket, and threatened to use it on her.

Haigh testified that he carried the cannister for self-defense, that he would have used it only if his life were in danger, that he never removed it from the holster on his belt, and that he never threatened to use it on anyone.

## I

The defendant has neither briefed nor argued his exception to the trial justice's denial of his demurrer. In accordance with the well-established practice, we consider only those exceptions which defendant has briefed and argued. *State* v. *Glass,* 107 R. I. 86, 265 A.2d 324 (1970); *State* v. *Wright,* 105 R. I. 556, 253 A.2d 593 (1969).

## II

The defendant contends that the trial justice erred in denying his motion to suppress because G. L. 1956 (1969 Reenactment) §12-7-3(a) does not satisfy the requirement of probable cause as demanded by the fourth amendment of the United States Constitution and art. I, sec. 6 of the state's constitution. This point was not raised at the trial and the rule is clear that on appeal, we will consider only those points raised below. However, assuming that this contention is properly before us, suffice it to say that we earlier considered this argument in *State* v. *McWeeney,* 100 R. I. 394, 216 A.2d 357 (1966), wherein we

stated that §12-7-3(a) meets the federal standard with respect to the requirement of the necessity of the existence of "reasonable" grounds and also that the terms "reasonable ground" and "probable cause" in this area of the law are practically synonymous.

The defendant next contends that the trial justice erred in denying his motion to suppress the tear gas cannister on the ground that the evidence was a result of a search incident to a warrantless arrest without probable cause. The law is well settled that to justify a search incidental to an arrest without a warrant the arrest must be made with probable cause. *Draper* v. *United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *State* v. *Roach,* 106 R. I. 280, 259 A.2d 119 (1969).

The term "probable cause" as it is used in the fourth amendment of the United States Constitution and the term "reasonable ground" as it is found in §12-7-3 are practically synonymous. *State* v. *Roach; State* v. *McWeeney,* both *supra.* Probable cause to arrest exists when there are facts and circumstances sufficient at the moment of arrest to warrant a man of reasonable caution in believing that the defendant had committed or was committing the offense for which he was being arrested. *Beck* v. *Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Brinegar* v. *United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *State* v. *Soroka,* 112 R. I. 392, 311 A.2d 45 (1973).

The defendant contends that under §12-7-3(a) a police officer may arrest for a misdemeanor only if the alleged criminal act was committed in the presence of the officer. The state disagreeing argues that under §12-7-3(a) a police officer may arrest for a misdemeanor not only when he has reasonable grounds to believe that a misdemeanor is being committed in his presence, but also when he has reasonable grounds to believe that a misdemeanor has been com-

mitted and defendant has committed it even though not in his presence. Our reading of the statute and the earlier cases decided by this court involving arrest under the provisions of the instant statute has persuaded us that a police officer may make a valid arrest under §12-7-3(a) only when the alleged act has been committed in the officer's presence or is being committed in his presence. In the instant case we hold that the facts and circumstances within the knowledge of the arresting officer and of which he had reasonably trustworthy information were not sufficient to justify a man of reasonable caution in believing that a misdemeanor had been or was being committed in his presence. We consequently hold that the arrest was made without probable cause.

The arrest having been made without warrant and without probable cause, it therefore follows that the evidence obtained at the time of defendant's unlawful arrest was not admissible at his trial, and his motion to suppress should have been granted. *State* v. *McWeeney, supra; State* v. *Mercurio,* 96 R. I. 464, 194 A.2d 574 (1963).

In view of our determination of the defendant's exception to the trial justice's denial of his motion to suppress we do not reach or consider the defendant's remaining exception. Because of the admission of illegal evidence the defendant is entitled to a new trial.

The defendant's exception to the denial of his motion to suppress is sustained, and the case is remitted to the Superior Court for a new trial in accordance with this opinion.

Mr. Chief Justice Roberts did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.