337 A.2d 234.

ANNA GANTZ, *p.p.a. vs.* WILLIAM J. HAMES

MAY 9, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Anna Gantz, a minor suing in the name of her father, brought this action of trespass[1] in the Superior Court for assault and battery, for false imprisonment, and under 42 U.S.C.A. §1983 (1958) for the violation of certain constitutional rights. The defendant's demurrer to the federal remedy count was sustained, and the case then went to trial on the other two counts before a judge and jury. At the close of the plaintiff's case the trial justice granted the defendant's motion for a directed verdict, and the plaintiff appealed.

The defendant was called by plaintiff and cross-examined under the adverse witness statute, G. L. 1956 (1969 Reenactment) §9-17-14. He was the only witness to testify, and it appears from his testimony that at about 9:30 p.m. on June 1, 1963, when he was the desk sergeant on duty at the central police station in the city of Providence, plaintiff complained to him that the bus starter stationed in front of the City Hall had not properly responded to an inquiry she had made, and she admitted that she thereupon slapped him in the face. When her story was confirmed by the bus starter, defendant told her that in the circumstances he thought the bus starter, rather than she, had cause to complain. The plaintiff became very excited, and started "hollering" and "screaming" that she wanted the bus starter arrested and charged. Attempts to calm her proved unsuccessful, and she was taken to the women's detention room where she was held for about half an hour. She was then released in her mother's custody, and no charges were preferred. The defendant also testified that prior to her release plaintiff had not been free to leave the detention room.

---

[1]This action was pending on January 10, 1966, the effective date of the Rules of Civil Procedure under which the Superior Court now operates, and pursuant to Super. R. Civ. P. 86 those rules apply to all subsequent proceedings herein.

Following this testimony plaintiff rested, and the trial justice granted defendant's motion for a direction on the assault and battery count because there was no evidence whatsoever to support it, and on the false arrest count because plaintiff admitted having slapped the bus starter without provocation. In the trial justice's judgment, that was an admission of a misdemeanor giving defendant probable cause for the arrest.

Questioning only the direction on the false arrest count, plaintiff contends that a peace officer cannot arrest for a misdemeanor without a warrant unless the offensive act has been or is being committed in his presence. This was at least in part true at the common law, which permitted a peace officer to make warrantless misdemeanor arrests only for breaches of the peace committed in his presence. *Kominsky* v. *Durand,* 64 R. I. 387, 392, 12 A.2d 652, 654 (1940). Moreover, although an officer's authority has been considerably broadened by §12-7-3, justification for a warrantless arrest even now exists only if the offending act has been or is being committed in the officer's presence, or if the officer has reasonable ground to believe that the person to be arrested has committed a misdemeanor and either has fled from the scene of the crime or is a nonresident of this state and cannot be arrested later. *State* v. *Haigh,* 112 R. I. 740, 744, 315 A.2d 431, 433 (1974). There can be no doubt that the record before us fails to provide any evidence whatsoever to justify plaintiff's warrantless arrest under §12-7-3, and defendant has suggested no other possible justification for plaintiff's detention.

Additionally, the plaintiff charges that it was error to sustain the demurrer to her count under the civil rights legislation. That identical question was raised more than 10 years ago by the same counsel who appears for plaintiff here. We responded then that "* * * §1983 of 42 U.S.C.A. is directed only to state action, and the invasion of in-

dividuals' rights by other individuals is not within its purview." *Clarke* v. *Sullivan,* 99 R. I. 96, 100, 205 A.2d 828, 830 (1964). Nothing the plaintiff has argued even remotely suggests that what we said in that case is invalid or ought not apply in this case.

The plaintiff's appeal is sustained in part and overruled in part, the judgment appealed from is sustained in part and reversed in part, and the case remitted to the Superior Court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*Louis A. Mascia,* City Solicitor, *Steven S. Saber,* Asst. City Solicitor, for defendant.