STATE

v.

**Vincent J. GIORDANO.**

**NO. 78–171–C.A.**

Supreme Court of Rhode Island.

April 11, 1980.

Dennis J. Roberts II, Atty. Gen., James P. Renaldo, Sp. Asst. Atty. Gen., for plaintiff.

Mark L. Smith, Woonsocket, for defendant.

## OPINION

WEISBERGER, Justice.

Defendant Vincent J. Giordano appeals from a judgment of conviction following a jury verdict of guilty on count 1 of an information[1] charging him, inter alia, with breaking and entering a business place at night with the intent to commit larceny therein.

The charges against Giordano stemmed from a break-in at a pharmacy located in the city of Providence. In response to a security-device alert, two Providence police officers and an employee of the alarm com-

---

1. The trial court had earlier granted the defendant's motion to sever count 5 of the informa-

tion, and the jury returned verdicts of not guilty with respect to counts 2, 3, and 4.

pany met at Genter's Pharmacy and entered the building. Once inside, they heard a noise, saw defendant running in the direction of a hole in one of the pharmacy's walls, and there apprehended him. A subsequent search of the store and adjacent hallway failed to reveal any additional suspects but did disclose some money strewn about, a variety of tools, and a sawed-off shotgun.

At trial defendant presented two witnesses whose testimony, if believed by the jury, tended to show that an acquaintance of defendant named George Wilson had intimidated and threatened him the night of the incident. Giordano himself took the stand and testified that Wilson, at one point brandishing the shotgun and threatening to kill him, had forced him to participate in the criminal activity that took place.

After two hours and fifteen minutes of deliberation, the jury returned with three questions, each of which pertained to the defense's theory of duress. The trial justice further instructed the jury by reading excerpts from 1 Anderson, *Wharton's Criminal Law and Procedure* (1957) on duress as a defense and also from the case of *R.I. Recreation Center, Inc. v. Aetna Casualty & Surety Co.*, 177 F.2d 603 (1st Cir. 1949).

Defense counsel objected "to the manner in which the explanation was read," maintaining that the trial justice should have proffered one or two examples rather than a definition of the law. On appeal, however, defendant abandons these objections and raises for the first time the argument that the trial justice should have repeated an instruction earlier given in the principal charge on burden of proof. In his charge the justice had correctly admonished the jurors not only as to the state's burden of proving each element of the crime but also as to its burden of proving lack of coercion in respect to defendant. The sole issue raised on this appeal is the alleged requirement that this portion of the charge should have been repeated.

■ We conclude that defendant's contention is utterly devoid of merit. Initially we note that defense counsel failed to request a supplemental charge on the issue of burden of proof and to object to the charge, once delivered, on that particular ground. We have generally adhered to the rule that we will consider, on appeal, only those issues that have been raised in the court below. *State v. Haigh*, 112 R.I. 740, 742, 315 A.2d 431, 433 (1974). In the absence of a showing that defendant either requested certain instructions or objected to their omission, he is precluded from assigning as error the court's failure to act in accordance with his desires. *State v. Bowden*, 113 R.I. 649, 665, 324 A.2d 631, 641 (1974), *cert. denied*, 419 U.S. 1109, 95 S.Ct. 782, 42 L.Ed.2d 805 (1975).

■ Beyond doubt, it was incumbent upon defendant to direct the trial justice's attention to that portion of the charge, or omission therefrom, which he found objectionable and to state the ground for his objection. *State v. Crescenzo*, 114 R.I. 242, 258, 332 A.2d 421, 430–31 (1975); *see* Super. R.Crim.P. 30. When a defendant has neither objected to the charge on the ground urged on appeal nor requested a different one, the charge as given becomes the law of the case. *State v. McGehearty*, R.I., 394 A.2d 1348, 1351 (1978).

■ Had defense counsel properly objected to the supplemental charge, however, his objection would have been totally unavailing in any event. The trial justice's principal charge on burden of proof and his answer to the jury's questions were models of precision and correctness. In addition, since the jury raised no question with respect to the explanation on burden of proof, we presume it fully understood and followed the court's initial instruction on that point. Accordingly we hold that there was no necessity for the trial justice to repeat that portion of the principal charge which related to burden of proof on the issue of coercion; his only responsibility in response to the requirements of due process was to answer the jury's specific questions. Thus the supplemental instructions fulfilled that obligation and were relevant, appropriate, and proper.

The defendant's appeal is denied and dismissed, the judgment of the Superior Court is hereby affirmed, and the case is remitted to the Superior Court.