**STATE**

v.

**Marco A. MARTINO.**

**No. 92–106–C.A.**

Supreme Court of Rhode Island.

June 7, 1994.

Jeffrey Pine, Atty. Gen., Andrew Berg, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

John A. Macfadyen, III, Providence, for defendant.

## OPINION

LEDERBERG, Justice.

This case came before the Supreme Court on appeal by Marco A. Martino (defendant) from a judgment of conviction in the Superior Court for sexual assault in the first and second degrees. After a jury trial, the defendant was sentenced to twenty years' imprisonment, ten years suspended for the first-degree sexual assault conviction and eight years' imprisonment, five years suspended for the second-degree sexual assault conviction, the terms to run concurrently. The primary issue on appeal is whether the trial justice erred in not instructing the jury on the defense of mistake of fact. For the reasons stated herein, we affirm the judgment of the Superior Court.

## FACTS

The defendant and L.A.F. (complainant) first met in April 1989 at T.G.I. Friday's, a restaurant in Warwick, Rhode Island. For the next four or five days, defendant phoned complainant regularly. On May 1, 1989, complainant agreed to attend a movie with defendant. After meeting, however, they changed their plans and decided instead to take a drive in defendant's car. The ensuing journey brought them eastward toward Oakland Beach in Warwick and, eventually, into the parking lot of the Ponaug Marina. After defendant had stopped his car, the pair began to converse. Suddenly, however, defendant began to force himself upon complainant; struggling, she told defendant to "knock it off." He refused to comply; complainant continued to struggle and told defendant to "stop." This angered defendant, who responded by pushing complainant down, forcibly removing her clothes, grabbing and shaking her face, and putting his full weight on her. Threatened, abused, and frightened, complainant was told, "Just relax and enjoy it," before defendant proceeded to have intercourse with her.

The defendant subsequently was charged with two counts of first-degree sexual assault and one count of second-degree sexual assault. A jury found him guilty of second-degree sexual assault and guilty on one count

of first-degree sexual assault. On appeal, defendant primarily contended that the trial justice had erred in not instructing the jury on the defense of mistake of fact.

## THE JURY INSTRUCTIONS

An examination of the trial record disclosed that at the conclusion of defendant's case, the trial justice instructed the jury, in relevant part, as follows:

"Force or coercion means when the accused does any of the following: overcomes the victim through the application of physical force or physical violence, or coerces the victim to submit by threatening to use force or violence on the victim, and the victim reasonably believes that the accused has the present ability to execute these threats.

\*     \*     \*     \*     \*     \*

"If you find that the alleged victim consented to the acts, then there is no force or coercion."

At the close of the charge, the following exchange occurred between the trial justice and defense counsel:

"THE COURT: Exceptions to the charge, Mr. Chiodo?

"MR. CHIODO: No your Honor.

"THE COURT: None?

"MR. CHIODO: No."

The trial justice subsequently directed the jury to retire to the jury room to begin deliberations. Because defense counsel concurred with the charge as given instead of objecting to the exclusion of a mistake-of-fact instruction, defendant may not now challenge the propriety of the original instructions. Super.R.Crim.P. 30 ("[n]o party may assign as error any portion of the charge or omission therefrom unless the party objects thereto before the jury retires to consider its verdict"); *see State v. Williams*, 432 A.2d 667, 670 (R.I.1981); *State v. Cianci*, 430 A.2d 756, 765 (R.I.1981); *State v. Vargas*, 420 A.2d 809, 815 (R.I.1980).

■ We reach a similar result in respect to defendant's present challenge to the supplemental jury instructions. Approximately two hours after the jury had commenced deliberations on September 19, 1991, the jury foreman forwarded a note to the trial justice that inquired, "1. Definition of coercion—is there an implication that both sides understand?" After being asked to be more specific, the jury forwarded a second communication (September 19 inquiry) to the trial justice:

"1. Could you give us the definition of coercion as you explained it in your instructions? We are particularly interested in whether [defendant] had to understand he was coercing [complainant]. 2. What is the legal definition of force? Thank you."

The trial justice responded by repeating his original instruction on force and coercion and then asked the jury whether his response answered its question. The jurors responded, "Yes," and again were excused.

Relying primarily upon *State v. Gomes*, 590 A.2d 391 (R.I.1991), defendant argued on appeal that in response to the September 19 inquiry, the trial justice unilaterally should have decided to instruct the jury on the defense of mistake of fact because the inquiry disclosed the jury's concern that defendant might have misunderstood complainant's resistance to his advances. The absence of such an instruction, defendant posited, may have resulted in the jury's conviction of defendant despite a possible finding that defendant believed complainant had consented. We disagree.

"No trial justice may be expected to be endowed with that quantum of total recall which would enable him or her at the conclusion of the charge to be certain that all necessary points have been covered accurately and completely." *Williams*, 432 A.2d at 670. This, however, is precisely the standard that defendant now attempts to impose upon the trial justice. At no time following the trial justice's response to the jury's September 19 inquiry did defendant either specifically request a mistake-of-fact instruction or object to its omission from the trial justice's supplemental instructions. Accordingly, defendant is now precluded from assigning as error the trial justice's failure to instruct on the defense of mistake of fact. *State v. Collazo*, 446 A.2d 1006, 1013 (R.I.1982); *State v. Dionne*, 442 A.2d 876, 885 (R.I.1982);

*State v. Giordano,* 413 A.2d 93, 94 (R.I.1980). *Cf. State v. Ruzzo,* 63 R.I. 138, 140, 144, 7 A.2d 693, 694, 695 (1939)(in answering jury question following commencement of deliberations, trial justice erred in the particular circumstances by not instructing the jury "as requested by the defendant").

Although these procedural deficiencies standing alone provide ample justification to affirm defendant's conviction, our review of the record disclosed that even if defendant had properly preserved the mistake-of-fact issue for review on appeal, his arguments would have been unavailing. In a situation in which a jury poses a question to the trial justice after the commencement of deliberations, due process requires the justice to "answer the jury's specific questions." *Collazo,* 446 A.2d at 1013; *Giordano,* 413 A.2d at 94. If an inquiry discloses that the jury "does not understand an element of the offense charged or some other matter of law central to the guilt or innocence of the accused, the justice is obligated to clarify the matter for the jury in a concrete and unambiguous manner." *Gomes,* 590 A.2d at 394. The trial justice may respond by repeating relevant portions of his original charge or by providing a supplemental instruction. *See State v. Bassett,* 447 A.2d 371, 375 (R.I.1982).

Repetition of the original instructions will suffice when the jury's question indicates that the jurors merely "overlooked some portion of the original instruction" or otherwise manifests that it can be resolved by drawing the jurors' attention to the original instructions. *Gomes,* 590 A.2d at 394. When, however, a jury's question discloses "obvious confusion," a trial justice may be obligated to do more than simply repeat the original charge. *Id.* As noted *supra,* after the trial justice repeated the original instruction regarding the definition of coercion, the jurors—when asked whether their query had been answered—responded, "Yes." Therefore, in this case repetition of the original charge satisfied the jury's September 19 inquiry. Moreover, because the jury liberally directed questions to the trial justice, it is reasonable to conclude that had the jurors been left unsatisfied or uncertain by the supplemental instructions, they would have re-

quested further clarification from the trial justice.

Finally, defendant's position is undermined by the jury's question to the trial justice on the following afternoon. Just one hour before rendering its verdict, on September 20, the jury sought details regarding the sequence of events at the Ponaug Marina: "[W]e want to know when, according to [complainant, she] told [defendant] to 'knock it off.' " The jury, then, on September 20, was concerned with *when,* as opposed to *whether,* complainant had unequivocally expressed her lack of consent to defendant. The question reveals that if any doubt regarding coercion or mistake of fact had existed, it was resolved by the time of this inquiry on September 20. The query indicates that the jury already had concluded that defendant knew of complainant's lack of consent. Indeed, that the jury returned its verdict within an hour of this inquiry indicates that any putative confusion in the minds of the jurors had been effectively clarified. *Bassett,* 447 A.2d at 375. Hence, the timing and the content of the jury's September 20 inquiry belie defendant's contention that the jury's September 19 inquiry disclosed concern that defendant had misinterpreted complainant's lack of consent.

If there had been any such concerns, they were clearly dissolved and settled by the time of the September 20 inquiry that shortly preceded the verdict. It is clear that this jury did not—as defendant contended—convict defendant after finding that he had misconstrued complainant's lack of consent as consent. We have considered the defendant's final contention that a juror's alleged prejudice mandated the declaration of a mistrial, and we conclude that the contention lacks merit.

Accordingly, the defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the case is remanded to the Superior Court.