## STATE

### v.

### Wayne TEIXEIRA.

### No. 96–568–C.A.

Supreme Court of Rhode Island.

Feb. 20, 1998.

Aaron L. Weisman, Providence.

Paula Rosin, Paula Lynch Hardiman, Providence.

## ORDER

This appeal concerns the sufficiency of evidence to convict a defendant for the illegal possession of firearms. The defendant, Wayne Teixeira, appeals from a judgment of conviction of two counts of possessing firearms after a conviction for a violent crime in violation of G.L. 1956 § 11–47–5.[1] The defendant was sentenced to serve ten years as to count one. With respect to count two, the defendant was sentenced to serve ten years with that sentence suspended and ten years probation to commence upon his release. Following a prebriefing conference both the state and the defendant were ordered to show cause why this case should not be decided summarily. No cause having been shown, we proceed to decide the appeal at this time.

The defendant raises numerous issues on appeal as to both counts. As to count one, he contends that there was insufficient evidence to support the charge that he possessed a firearm and that the trial justice should have granted his motion for acquittal. He asserts that the state failed to show that he exercised dominion and control over the gun owned by his ex-wife. He argues that he was handling the gun in self-defense— believing that he was in imminent danger of being shot—and that he had no intention to exercise control over the gun or to cause harm with it.

In reviewing a denial of a motion for a judgment of acquittal, this court will apply the same standard utilized by the trial justice. *State v. Henshaw,* 557 A.2d 1204, 1206 (R.I.1989). When presented with such a motion,

"[T]he trial justice must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and draw all reasonable inferences that are consistent with guilt. * * * If the evidence viewed in such a light is sufficient to warrant a jury verdict of guilty beyond a

reasonable doubt, the motion [should be] denied." *State v. Reyes,* 671 A.2d 1236, 1237 (R.I.1996) (quoting *State v. Clark,* 603 A.2d 1094, 1097–98 (R.I.1992)).

In denying defendant's motion for judgment of acquittal, the trial justice reasoned that although the .22 caliber Derringer was not owned by defendant, the defendant nevertheless possessed the gun at various times during the struggle with his former wife. He retrieved it from the kitchen cabinet and from under the mattress. Moreover, he clearly knew that it was a gun. The trial justice stated,

"It seems to me that we ought not to lose sight of what the charge is. The defendant is not on trial for assaulting Cindy Teixeira, at least not in this case. He is on trial for unlawfully possessing the Derringer. I think the evidence is clear that at some point that evening he did possess that firearm. He possessed it when he retrieved it from the cabinet. He possessed it when he retrieved it together with Cindy, apparently from under the mattress. Obviously, he possessed it at some point during that struggle. Obviously, he knew what it was. An element of possession is knowledge, of course. When he retrieved it from the cabinet, clearly he intentionally exercised dominion and control over that firearm. With that in mind, the elements of possession are satisfied. * * * But, in any event, I think it is for the fact finder to determine whether or not this defendant did possess the firearm, either constructively or actually."

This court has stated previously that "possession within the context of a criminal statute means an intentional control of an object with knowledge of its nature." *State v. Colbert,* 549 A.2d 1021, 1023 (R.I.1988). In *McInturff v. State,* 808 P.2d 190 (Wyo.1991), the Wyoming Supreme Court construed a similar statute prohibiting the unlawful possession of a firearm by a person previously convicted of a violent crime. The court held that proof of ownership or bailment is more

---

1. Section 11–47–5 provides in pertinent part:
   "No person who has been convicted in this state or elsewhere of a crime of violence or who is a fugitive from justice shall purchase,

   own, carry, transport, or have in his or her possession or under his or her control any firearm."

than is necessary to establish a violation of the statute. The court explained,

> "The object of this statute is not to establish ownership or a trust responsibility, but to keep deadly weapons from the hands of those already convicted of a violent crime. If this objective is to be met, the applicable definition of possession must be the power to exercise dominion or control over the weapon. *Possession for purposes of [the statute] is physical control or custody of the weapon, or immediate access to it.*" *Id.* at 195–96. (Emphasis added.)

Our review of the record in this matter shows that it is replete with evidence from which a jury could conclude defendant had the gun in his possession. In our judgment, the trial justice properly found viewing the evidence in the light most favorable to the state, there was ample evidence from which the jury could conclude beyond a reasonable doubt that defendant had both control and knowledge of the gun.

The defendant next claims error with respect to the trial justice's jury instructions. First, he contends that the trial justice abused his discretion in giving instructions regarding the element of possession. He suggests that the trial justice misstated the law when he instructed that possession may be "fleeting and momentary." The defendant also contends that the trial justice abused his discretion by refusing to charge the jury on self-defense. However, it does not appear from the record on appeal that the defendant objected to either instruction below. Pursuant to Super. R. Crim. P. 30,

> "[n]o party may assign as error any portion of the charge or omission therefrom unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the party's objection."

In this case, the defense counsel did not challenge the propriety of either instruction. Although he did request a charge regarding self-defense prior to the trial justice's instructions, he failed to object to the trial justice's omission of that requested instruction. Thus, these issues have been waived and cannot be challenged on appeal. *See State v. Martino,* 642 A.2d 679, 681 (R.I.

1994); *State v. Medeiros,* 599 A.2d 723, 727 (R.I.1991).

As to the second count, defendant argues that BB guns or pellet guns are not "firearms" within the meaning of § 11–47–5 because they are exempted by the definition of "firearm" in § 11–47–2. He asserts that there was no evidence that the BB guns or pellet guns alleged to be in his possession were designed or used primarily as weapons.

The Legislature has defined the term "firearm" in § 11–47–2(3) as follows:

> "'Firearm' *shall include any* machine gun, pistol, rifle, air rifle, air pistol, 'blank gun,' '*BB guns' so-called,* or other instrument from which steel or metal projectiles are propelled, or which may readily be converted to expel a projectile, except recurve, compound, or longbows and except such instruments propelling such projectiles which instruments are designed or normally used for a primary purpose other than as a weapon. The frame or receiver of any such weapon shall be construed as a firearm under the provisions of this section." (Emphasis added.)

Because the General Assembly has specifically and expressly identified BB guns as "firearms," this issue is without merit.

The defendant raises four other claims of error on appeal: (1) he was denied the opportunity to present expert testimony relative to the use of air guns; (2) the trial justice abused his discretion by denying his motion to dismiss the information based upon selective prosecution; (3) the trial justice improperly denied his motion to suppress the air guns; and (4) the trial justice erred in denying his motion for a new trial.

Regarding defendant's claim that he was denied the opportunity to present expert testimony concerning the use of an air gun, it does not appear that the defense ever made such a request of the trial justice, nor did he even attempt to present such testimony. Although defendant did attempt to challenge the testimony of the state's expert by alleging at a side bar conference that he was unaware that the witness would testify as to the gun's firing capability, it does not appear that at any other time defendant made a request to present his own expert.

After reviewing the record, we conclude that the state is correct in its assertion that the trial justice committed no errors in regard to the remaining issues raised by the defendant.

Accordingly, the defendant's appeal is dismissed.

BOURCIER, J., did not participate.