## STATE

### v.

### Carmen POLANCO.

### No. 97–290–C.A.

Supreme Court of Rhode Island.

April 21, 1998.

Aaron L. Weisman, Providence.

John M. Cicilline, Bristol.

## ORDER

The defendant, Carmen Polanco, appeals from her convictions after a jury trial of possession of a controlled substance in violation of G.L.1956 § 21–28–4.01.1(A)(2)(b), and of possession of a controlled substance with intent to deliver in violation of § 21–28–4.01(A)(2)(a). We ordered the parties to show cause why this appeal should not be summarily decided. After reviewing their written memoranda (the parties having waived oral argument), we conclude that no cause has been shown and proceed to decide this appeal.

A confidential informant had disclosed to police that a Woonsocket apartment occupied by defendant and her children contained heroin and cocaine. Police obtained a valid warrant authorizing a search for narcotics and evidence of narcotics trafficking. The police knocked at the door of defendant's apartment approximately four to five times and announced themselves as state troopers, but received no answer. When they forced their entry into the apartment, defendant was at home. Upon searching the apartment, police uncovered a significant quantity of illegal drugs, drug paraphernalia, and substantial amounts of cash.[1] A jury found defendant guilty of both charges. As to the possession count, defendant was sentenced to one year suspended with one year probation. The defendant also received ten years imprisonment, five to serve and five suspended, on the possession-with-intent to deliver count.

In her first issue on appeal, defendant contends that a police detective's trial testimony concerning the heroin-packaging process presented a needless parade of cumulative evidence and was therefore unduly prejudicial to defendant. We conclude that this claim of error lacks merit.

As set forth in Rules 401 through 403 of the Rhode Island Rules of Evidence, relevancy questions are committed to the sound discretion of the trial justice. *See State v. Mora*, 618 A.2d 1275, 1279–80 (R.I.1993). Under Rule 403, relevant evidence may be excluded by the trial justice if its probative value is substantially outweighed by the danger of unfair prejudice or by considerations of needless presentation of cumulative evidence. *Id.* at 1280.

In this case, however, the trial justice determined that the probative value of the testimony introduced concerning the heroin-packaging process was not outweighed by the danger of unfair prejudice to defendant. The defendant was charged with both possession of heroin and possession of heroin with the intent to deliver. Information concerning the heroin-packaging process and the types of tools and paraphernalia used in such an operation was relevant and necessary for the prosecution to establish inferentially that defendant intended to distribute the heroin found in her apartment. Thus the detective explained the packaging process as follows:

"The process starts with taking the heroin in its most pure form and broken down to grind through a grinding process, which is the mixing bowl and the grinder and the goal is to get as many packets, as many individual bags out of that pure heroin that you can and that's done through the use of mixing some of that pure heroin and Inositol, breaking down the amounts into much smaller milligram amounts that go into glassine packets. Those packets would be bundles of ten which I refer to in the street term as 'bundles' or groups of fifty

---

1. Police located a child's schoolbox in a toy closet which contained over two ounces of heroin stored in clear plastic bags, ink stamps, elastics, scissors, and other drug paraphernalia. They also found a second schoolbox that was filled with elastics, ink pads, and telephone credit cards. A black gym bag contained elastics, glassine packets, ink pads, and other heroin paraphernalia, including ink stamps for different types of heroin (variously called "Powder," "Bomber," "King," "Blackmon," and "Snake"). Attached to the gym bag was an airline luggage tag in defendant's name indicating that the bag had been transported from Miami. Police also seized a purse containing numerous credit cards in defendant's name and $4,620 in small bills, secured in elastic bundles of $500. In the kitchen, police seized additional tools of the heroin trade, including a scale, a mixing bowl and grinder, a jar of Inositol mixing powder (used to break down drugs into their most powdery form), scotch tape, a toothbrush, and an ink pad. They also seized paperwork in defendant's name, as well as two cellular phones, a pager, and a cellular phone bill for $634.70.

packets which I referred to as street term as 'browns.'"

The trial justice was acting well within his discretion in concluding that this type of information as related by the witness would be helpful to the jurors in their evaluation of the physical evidence presented at trial and would be relevant in helping to establish an element necessary to the state's case. Nor was this testimony necessarily cumulative given that the detective had earlier testified concerning how the drug-preparation process worked on a piecemeal basis. Here the witness sought only to recap that presentation in a more cohesive fashion. Because the state had to prove each and every element of the charged offenses beyond a reasonable doubt, the trial justice was entitled to afford the state reasonable latitude in the manner it chose to establish the existence of those elements. *See Mora,* 618 A.2d at 1280 (citing *State v. Lionberg,* 533 A.2d 1172, 1180 (R.I. 1987)).

In her second issue on appeal, defendant asserts two errors with respect to the jury instructions, only one of which is preserved for review. First, defendant claims that a jury instruction concerning the relationship between the two charges lodged against defendant was confusing. However, because the defense never objected to this charge, this allegation of error is not preserved for our review. *See State v. Martino,* 642 A.2d 679, 681 (R.I.1994) (citing Super.R.Crim.P. 30).

Secondly, defendant claims that the trial justice's response to an inquiry from the jury was confusing. The jury asked, "Does the amount of one ounce of heroin have any significance other than the weight?" With respect to the possession-with-intent to deliver count, the trial justice responded:

"If you wanted to, you could draw an inference that that amount of heroin was not for personal consumption, it was for delivery, but you know that that's not the absolute that you have [to] do that. It's one of the facts that you can factor into the whole equation. Does that help you any?"

The following colloquy ensued:

Foreperson: "I think so. I think the question is does the law look at less than an ounce as personal and greater than an ounce as a dealer?

The Court: "No, no, they don't, but the law sees certain penalties for less than an ounce and certain penalties for more than an ounce but you are not to be concerned with penalties. That's my problem.

Foreperson: "We understood that, yes.

The Court: "Does that help you at all?

Foreperson: "Yes."

At this juncture, defense counsel objected on the grounds that he did not "believe the question asked by this jury was in evidence." However, the trial judge instructed the jury on a question of law, and it is well established that a judge may charge in his or her own words as long as he or she states the applicable law and does not reduce nor shift the state's burden of proof. *See State v. Marini,* 638 A.2d 507, 517 (R.I.1994). Because we believe that the trial justice complied with this standard, we hold that he did not err in the response that he gave to the jury's question on this point. For these reasons, the defendant's appeal is denied and her convictions are affirmed.