P. D. CECCA & COMPANY *vs*. GIOVANNI ANTONELLI.

MARCH 27, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This is an action of the case in assumpsit in which a justice of the Superior Court rendered decision for the plaintiffs. The case is before this court on defendant's exception to this decision on the ground that it was against the evidence because plaintiffs did not produce competent proof of the delivery of the goods alleged to have been sold to the defendant.

The parties are engaged in the business of selling fruit and other produce; the plaintiffs as wholesalers and the defendant as retailer. Defendant commenced buying fruit from plaintiffs in September, 1927. Plaintiffs admitted that defendant paid for all fruit purchased during the months of September and October. Plaintiffs proved by defendant's original orders and their books that during November, 1927, they sold defendant fruit and produce of the value of $1,742.55 and credited him with five payments amounting to $1,146.80, leaving a balance of $595.75 for which this action was brought. Defendant kept no account books. He kept only a check book. Sometimes he paid plaintiffs with cash and again with checks written by one of the plaintiffs. Defendant admitted buying fruit and produce from plaintiffs but testified that he did not receive

the quantity they claimed to have sold him, and that he had paid for all they had delivered to him.

Defendant's contention is that plaintiffs did not prove by competent evidence delivery of the produce ordered by him. This contention is based upon the fact that plaintiffs did not produce in evidence certain yellow slips given by plaintiffs to defendant. It appears in the testimony that plaintiffs buy grapes and other fruit at auction by the carload. They then give yellow delivery slips to their customers. The slips specify the quantity of fruit to be delivered and the car from which it is to be taken. The slips must be presented by the customers to a clerk in the freight yard. The clerk delivers the fruit specified on the slip to the person presenting it and returns the slip to the freight office.

A witness testified that he was employed by the plaintiffs and had charge of their deliveries; that he received their slips from the defendant or his truckman and delivered to them the goods called for by the slips. Defendant testified that he received delivery slips from the plaintiffs and gave them to a truckman whom he hired to bring the goods to his store. Defendant's witness testified that he went to the freight car and gave the delivery slips to an employee of plaintiffs and received from him the grapes specified on the slips and delivered them to defendant.

The trial justice was of the opinion that the plaintiffs kept a fairly accurate set of books and that as the defendant kept no books he was unable to state exactly the condition of his account with the plaintiffs. Plaintiffs' books of account were supported by the suppletory oath of one of them who testified that he received the orders from the defendant and that the orders were correctly entered on the books. The books were thus made competent evidence of the sale of merchandise. *Cargill* v. *Atwood*, 18 R. I. 303; 22 C. J. 865.

The testimony for the plaintiffs, as well as that for the defendant, proves that defendant received fruit and produce from the plaintiffs during November. In this state of the

testimony the production of the delivery slips would be cumulative evidence and unnecessary. The principal issue raised by the testimony was whether defendant had paid for all the fruit sold and delivered. The trial justice found that he had not done so. We have read the evidence and find it is sufficient to support his decision.

Defendant's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the decision.

*Luigi De Pasquale, Frank W. Golemba,* for plaintiff.

*O'Shaunessy & Cannon, George F. O'Shaunessy,* for defendant.