ANGELO SANTA MARIA vs. JOHN TROTTO.

SAME vs. FRANK L. TROTTO.

Worcester. September 21, 1936. — June 28, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle*, Registration. *Negligence*, Violation of law. *Law of the Case*. *Practice, Civil*, Requests, rulings and instructions.

The mere fact that a motor vehicle was unregistered when its operator backed it onto the owner's private land from a public way and, while still partly on the public way, struck a platform on the private land, gave no right of action to one who as a licensee of the owner was on the platform and was injured.

Rulings in a district court as to the status of a plaintiff in an action of tort, not objected to there, became the law of the trial and could not be reviewed in the Appellate Division or in this court.

TWO ACTIONS OF TORT. Writs in the Central District Court of Worcester dated November 16, 1934.

After findings by *Wall*, J., for the plaintiff in each action in the sum of $4,000, the actions were reported to the Appellate Division for the Western District, and judgments there were ordered for the defendants. The plaintiff appealed.

*H. Zarrow*, for the plaintiff.

*J. Joseph MacCarthy*, for the defendants.

DONAHUE, J. The defendant in the first case owned and operated a sand and gravel pit where sand and gravel were brought by conveyors to a loading platform elevated five or six feet above the ground and thence loaded upon automobile trucks backed into stalls underneath the platform. At the time of the occurrence of the events here involved the platform was being enlarged. A concrete wall was being built and there was a concrete mixer in operation on the platform.

An automobile truck owned by the defendant in the first case and operated by his son and employee, the defendant in the second case, had been driven from the premises out upon the highway and was being slowly backed so as to

enter one of the stalls. While it was partially on the high-way and partially on the premises of the defendant in the first case, one of its rear wheels went upon a stone and then slipped off. The rear end of the truck came in contact with the wooden supports of the platform and caused it to collapse. The plaintiff, who was on the platform, was injured. Whenever the word "defendant" hereinafter appears, it shall be taken to mean the defendant in the first case.

The cases were tried in a district court. The trial judge found: "Upon all the evidence . . . that the defendant's truck was improperly registered and so a trespasser on the highway . . . that at least a part of the defendant's truck was within the highway at the time the rear of the truck collided with the loading platform upon which the plaintiff was . . . that the plaintiff had gone to the defendant's premises in search of employment; that he was informed by the defendant's foreman that there was no work for him; that thereafter the plaintiff climbed up on the . . . platform for the purpose of talking with his son; that the plaintiff went onto the platform at his own volition and not at the request of the defendant's foreman; that the plaintiff was injured while standing on the . . . platform by reason of the defendant's truck backing into said platform and knocking the underpinning from said platform; that the speed of the truck that was backing up was approximately two or three miles per hour; that the truck while being backed up to the platform backed up on a boulder in the ground and that the rear wheel of the truck slid off the said boulder and collided with the platform; that the defendant knew or ought to have known of the presence of this stone or boulder and of its location in reference to the platform . . . that the plaintiff was at the time a licensee upon the defendant's premises . . . that the operator of the defendant's truck was negligent . . . that the injuries to the plaintiff . . . [were] caused directly by the operation of the defendant's improperly registered truck, and that the . . . truck at the time of the injuries was partly on the highway. (See Evans *v.* Rice, 238 Mass. [318] at pages 320 and 321.)"

The judge granted certain requests for rulings filed by the defendants to the effect that the plaintiff at the time of the accident was a licensee on the premises of the defendant, that the duty owed to the plaintiff as a licensee was to refrain from wanton, wilful or reckless misconduct and that there was no evidence of such conduct on the part of either defendant. He refused to give certain requests of the defendants to the effect that the defendant's truck was properly registered under a trade name, that the question whether the defendant's truck was properly registered or not was immaterial as the accident occurred on the defendant's premises, not upon a public way, that there was no negligence in the operation of the truck and that the plaintiff could not recover without proof that the defendants were guilty of wanton, wilful or reckless misconduct.

At the request of the defendants the judge reported his rulings and refusals to rule as requested, with a summary of the material evidence, to the Appellate Division. The Appellate Division found prejudicial error, ordered the "judgments" for the plaintiff set aside and judgments entered for the defendants. From that order the plaintiff has appealed.

At the trial the defendants objected to the admission of the evidence on which the judge based his finding that the defendant's truck was improperly registered and duly claimed a report. The finding was warranted by the evidence but the defendants contended that since the declarations allege merely negligence and not the creation of a nuisance on the highway the evidence in question was wrongly admitted. *Ducharme* v. *Coe Motors Inc.* 275 Mass. 69, 72. The evidence would have been admissible on the issue of negligence, *Capano* v. *Melchionno*, *ante*, 1, 10, *Balian* v. *Ogassin*, 277 Mass. 525, 530, and cases cited, if the plaintiff at the time of his injury had been a traveller on the highway. The same matter is involved in the defendants' request for a ruling, denied by the trial judge: "The question of whether the defendant's truck was properly registered or not is immaterial in this case as the

accident occurred upon the defendant's premises, not upon any public way."

The purposes of the statute requiring the registration of automobiles have frequently been stated. The statements as to those purposes in our decisions uniformly include the purpose of protecting persons on the highway and do not include the protection of persons not on the highway. It was said in *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, 448, that the purpose of the registration statute was "to afford protection and adequate means of redress to all persons upon the ways" and that the Legislature intended to put unregistered automobiles "outside the pale of travellers, not merely for the purpose of the criminal law, but as regards all other persons rightfully upon the streets"; and in *Holden* v. *McGillicuddy*, 215 Mass. 563, 565, that "the decisive feature of our decisions has been that the prohibition of the use of unregistered automobiles upon the public ways was intended, not merely to create a public duty to be enforced in the ordinary administration of the criminal law, but to provide for the protection of travellers upon the highways, to regulate the rights of such travellers among themselves." "The ruling purpose and intention of the Legislature in the enactment of the statute requiring the registration of motor vehicles in the name of the owner . . . was for identification in order that travellers upon the highways in case of accident might be able to fix responsibility therefor." *Rolli* v. *Converse*, 227 Mass. 162, 165. *Shufelt* v. *McCartin*, 235 Mass. 122, 125. See also *Evans* v. *Rice*, 238 Mass. 318, 321; *Fairbanks* v. *Kemp*, 226 Mass. 75, 78. Persons participating in the operation of an unregistered automobile are said to be "trespassers against persons using the highway lawfully." *Potter* v. *Gilmore*, 282 Mass. 49, 50, 51. *Koonovsky* v. *Quellette*, 226 Mass. 474, 478.

The only prohibition in the registration statutes against the operation of motor vehicles which are not properly registered is as to their operation on ways dedicated to the public use and for such violation a penalty is imposed. G. L. (Ter. Ed.) c. 90, §§ 2, 9, 20. The statutes do not re-

quire that a vehicle while operated elsewhere than on such ways be registered. The automobile statutes, generally, relating to the licensing of operators, to speed, to brakes, lights and equipment and to the method of operation of motor vehicles in stated circumstances and under stated conditions, in terms apply only to their operation when on public ways. G. L. (Ter. Ed.) c. 90, §§ 7, 8, 9, 10, 13, 14, 16, 17, 19. It is manifest that the Legislature did not intend to regulate the use and operation of motor vehicles except when operated on the highway. The consistent interpretation given to the registration statutes by our decisions is that they were designed to protect persons who were travellers on public ways. We do not think those statutes may reasonably be interpreted as having the purpose of protecting persons who are not travellers on public ways.

The plaintiff, when injured, was on the premises of the defendant and not a traveller on the highway. He was not one of the class of persons whom the registration statutes protected. The violation of a penal statute is evidence of negligence only with reference to persons whom it was designed to protect. *Bourne* v. *Whitman,* 209 Mass. 155, 166–167. *Baggs* v. *Hirschfield,* 293 Mass. 1, 3. It follows that the improper registration of the defendant's truck was not, as to the plaintiff, evidence of the defendants' negligence. The defendants' request for the ruling, "The question of whether the defendant's truck was properly registered or not is immaterial in this case as the accident occurred upon the defendant's premises, not upon any public way," should have been given.

The judge's findings and rulings indicate that he decided the cases in favor of the plaintiff on the erroneous theory of law that the plaintiff had, when injured, the rights which he would have had if he had been a traveller on the highway. Such rights as the plaintiff had arose from his status while on the defendant's premises. The judge found that the plaintiff at the time of the accident was a licensee. The evidence, to say the least, did not warrant the conclusion that he had any greater rights than those of a mere licensee. The judge ruled that the duty owed by the defendants

to the plaintiff as licensee was to refrain from wilful, wanton or reckless misconduct and that there was no evidence that the defendants were guilty of such misconduct. There was no such evidence and the plaintiff does not now make that contention. It is manifest that the judge did not base his findings for the plaintiff on the ground of a liability arising from the plaintiff's status while on the premises of the defendant.

The plaintiff did not at the trial object to, or claim a report of, the ruling of the trial judge to the effect that the duty owed by the defendants to the plaintiff as a licensee was to refrain from wilful, wanton or reckless misconduct or the ruling that there was no evidence of such misconduct on the part of the defendants. For this reason the Appellate Division held that the plaintiff could not question the correctness of those rulings.

It is here the contention of the plaintiff that the duty owed to him as a licensee was, in the circumstances appearing, to refrain from active negligence and that the decision for the plaintiff in the trial court should now be supported on the finding of ordinary negligence on the part of the defendant's employee in operating the truck. That theory of law is inconsistent with the rulings made by the trial judge. Those rulings, by reason of the absence of objection thereto from the plaintiff, became the law of the trial as to the matters with which they dealt. The theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review of the acts of the trial judge. There was no error in the refusal of the Appellate Division to permit the law of the trial in the present cases to be questioned by the plaintiff. *Phillips* v. *Director General of Railroads*, 251 Mass. 263, 268, and cases cited. *Barringer* v. *Northridge*, 266 Mass. 315, 319, and cases cited. *Franca* v. *Rubin*, 268 Mass. 590, 593. *S. E. Rand Transportation Co.* v. *Boston & Maine Railroad*, 273 Mass. 327, 331, 332. *Minsk* v. *Pitaro*, 284 Mass. 109, 113. *Button* v. *Crowley*, 284 Mass. 308, 313.

*Order of the Appellate Division affirmed.*