Rollins, J.
This is an action of contract in which the plaintiff seeks to recover for the use and occupation of premises in West Roxbury. There was an answer of general denial and payment. The case was not tried on the merits.
The plaintiff filed an affidavit of no defense and a motion for immediate entry of judgment. Due notice thereof was given the defendant.
*488 At the time this motion was heard the defendant failed to appear and was defaulted and the court entered the following order:
“Motion allowed. Defendant defaulted. Judgment to be entered at the expiration of seven days from date unless the defendant in the meantime files a demand for trial.”
The plaintiff raised no objection to this order. Within seven days thereafter the defendant did file a demand for trial. The Clerk of Court then placed the case on the list for trial on April 16, 1940. No objection was made to this by the plaintiff. On April 16, 1940 the plaintiff appeared but neither the defendant nor his attorney appeared. A letter, however, was received by the court explaining why the defendant’s attorney could not appear at this time.
The Court then ruled that it had the power to continue the whole case generally and entered an order to that effect. The plaintiff objected to that ruling and claimed a Report “from the ruling and order of the court.”
The only issue" raised by this record is whether the trial judge had the power to continue the case generally.
The action of a trial judge in continuing or refusing to continue a case generally, rests in the sound discretion of the judge and is not open to. exception unless there has been a clear abuse of such discretion. Morgan v. Steele, 242 Mass, 217. Kittredge v. Russell, 114 Mass. 67.
The letter from the defendant’s attorney “explaining why he could not’ appear” is not before us. We cannot say there was any abuse of discretion on the part of the trial judge in ordering the case to- be continued generally.
It is unnecessary for us to pass upon the correctness of the proceedings and orders of the court prior to the order continuing the case generally. The plaintiff made no objections to any of such prior proceedings or orders, nor did he claim any Report or file any request for rulings in respect thereto. (See Rules of District Courts — Rule *489 XXVII as amended). Santa Maria v. Trotto, 297 Mass. 442, 447, and cases there cited.
General Laws Chapter 231, section 59-B which governs this matter provides in part: “If the defendant does not appear at said hearing, or file at or before the time set for hearing an affidavit setting forth specifically and clearly the substantive facts upon which he relies as a defense, the court may enter judgment by default.”
It was apparently against the intent of the statute for the trial judge to enter the conditional order after the default. The defendant, having been defaulted, and not having filed any “affidavit”, did not, under the provisions of the statute have the right thereafter to demand trial, Norwood Morris Plan v. McCarthy, 2951 Mass. 597, and it seems inconsistent with the spirit of the statute for the trial judge by his order to grant him that right.
But, although it may not have been proper procedure for the judge to make the conditional order, the above quoted statute gives him discretion to order judgment by default or not to do so. Moreover since the plaintiff then made no effort to protect himself, he can not now have the right to do so.
The result of the defendant’s compliance with the condition of the judge’s order was that the order for judgment was vacated and the default was removed. At the time, then, that the judge made the order for a general continuance there was no judgment against the defendant, nor any order for judgment, nor any default. The case of Norwood Morris Plan vs. McCarthy, 295 Mass. 597, is clearly distinguishable upon the facts from the instant case.
Sanborn, P. J. having heard this case as trial judge took no part in this decision.
No prejudicial error appearing, the Report is dismissed.