Jean P. PAQUIN

v.

Everett TILLINGHAST.

No. 84–37–Appeal.

Supreme Court of Rhode Island.

Nov. 6, 1986.

Richard E. Kyte, Jr., Zimmerman Roskowski Brenner & Kyte, Woonsocket, for plaintiff.

Thomas C. Plunkett, Kiernan Currier & Plunkett, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal from a civil action arising out of an automobile collision. The defendant alleges the trial court erred in instructing the jury and in denying the defendant's motion for a new trial on the issue of damages.

On March 3, 1981, plaintiff [1] and defendant were involved in an automobile collision at the intersection of Main Street and Route 102 in North Smithfield. The plaintiff was traveling north on Route 102; defendant west on Main Street. Both crossed the intersection simultaneously and collided. Both were injured.

At trial plaintiff and defendant presented evidence showing that as plaintiff was trav-

eling north on Route 102 and approaching the intersection, a schoolbus coming in the opposite direction stopped on the other side of the road to pick up schoolchildren. It had its lights flashing. There was conflicting testimony as to what happened next.

The plaintiff testified that the schoolbus driver waved him past and that he proceeded to pass the bus at about twenty miles per hour; the schoolbus driver testified that she did not wave plaintiff on and that he drove past her at forty to forty-five miles per hour without slowing down. In any event, the collision occurred moments later.

## I

### THE JURY INSTRUCTION

The defendant first contends the trial court erred in instructing the jury that plaintiff violated no duty owed to defendant when plaintiff passed the flashing schoolbus prior to entering the intersection where plaintiff and defendant collided. The trial court's charge to the jury on this point was as follows:

"If you accept [the bus driver's] testimony you could conclude that Mr. Paquin violated a law as it relates to passing a school bus while its lights are flashing. I instruct you that such a violation in and of itself has no relationship to the allegation that Mr. Paquin was guilty of negligence, guilty of negligence that was the proximate cause of this accident. In other words, even assuming that Mr. Paquin violated the law with reference to the bus, that violation may not be considered by the jury as evidence of negligence on Mr. Paquin's part. If Mr. Paquin passed the bus, he may have violated a duty that he owed to the children on the bus, but he did not violate any duty of due care that he owed to Mr. Tillinghast who was operating a car on a different street * * *."

1. Jean P. Paquin was the original plaintiff. Marjorie L. Paquin, executrix of the estate of Jean P. Paquin, was substituted as plaintiff after

Jean P. Paquin died from causes unrelated to this litigation.

The defendant argues that the jury could have found that plaintiff, in passing the schoolbus, violated G.L.1956 (1968 Reenactment) § 31–20–12 and that such a violation should have been admissible as evidence of negligence. Section 31–20–12 states:

"The driver of a vehicle upon a street or highway upon meeting or overtaking from any direction any bus marked as 'school bus' in accordance with § 31–20–11 and on which there is in operation flashing red lights shall stop the vehicle before reaching such bus and said driver shall not proceed until such bus resumes motion or until said flashing lights are no longer actuated. A person convicted of a violation of this section shall be punished by a fine of three hundred dollars ($300) for the first offense, and a fine of five hundred dollars ($500) and/or revocation of driving license for a period of one (1) year for each subsequent offense."

Negligence is the breach of a duty, the existence of which duty is a question of law. *Barratt v. Burlingham*, 492 A.2d 1219, 1222 (R.I.1985). Liability is not imposed if no duty exists to be breached. *Ryan v. State Department of Transportation*, 420 A.2d 841, 843 (R.I.1980).

In Rhode Island, when a failure to follow traffic regulations is admissible, it is only admissible as evidence of negligence; it does not constitute negligence per se, nor does it create a presumption or inference of negligence. *D'Agostino v. Yellow Cab of Providence*, 105 R.I. 28, 31, 249 A.2d 87, 89 (1969).

It is well established that the violation of a penal statute (such as § 31–20–12) may be considered by the jury to be evidence of negligence only as respects persons whom the statute was designed to protect. *See, e.g., Eldridge v. Eli Lilly & Co.*, 138 Ill.App.3d 124, 127, 92 Ill.Dec. 740, 742, 485 N.E.2d 551, 553 (1985); *Santa Maria v. Trotto*, 297 Mass. 442, 446, 9 N.E.2d 540, 543 (1937); *Lopes v. Rostad*, 45 N.Y.2d 617, 623, 384 N.E.2d 673, 675, 412 N.Y.S.2d 127, 129 (1978); *Young v. Wheeler*, 706 P.2d 552, 554 (Okl.Ct.App.1985). If the injured person falls outside the protective orbit of the statute, his claim based on breach of a statutory duty of care will not be presented to the jury for no such duty was owed to him. *Lopes, supra.* Hence, we must be guided primarily by the intent of the Legislature in determining for what class of persons, if any, a statute creates a duty of care. *Id.*

The class of persons sought to be protected by the Legislature in enacting § 31–20–12 is pedestrian schoolchildren. This is evident from two other sections pertinent to § 31–20–12. First, § 31–20–12 requires a driver to stop when "any bus marked as 'school bus' in accordance with § 31–20–11" is stopped and flashing. Section 31–20–11 requires every bus used for the transportation of school children to be marked as a "school bus" and prohibits any bus operated "for purposes other than the actual transportation of *children*" from being marked as a "school bus." (Emphasis added.) Second, § 31–20–13 allows a driver to *not* stop upon meeting a schoolbus on the highway if, among other things, "*pedestrians* are not permitted to cross such highway." (Emphasis added.)

"We assume the Legislature intended statutes relating to the same subject be construed together to be consistent and to effectuate the policy of the law. * * * Statutes *in pari materia* are to be considered harmoniously by this court." *State v. Timms*, 505 A.2d 1132, 1135 (R.I.1986). When they are read together, it becomes obvious that §§ 31–20–11, 31–20–12, and 31–20–13 were enacted to protect schoolchildren entering and exiting flashing schoolbuses stopped on highways pedestrians are allowed to cross; not to protect adult motorists in vehicles further down the road. Hence, the jury may be instructed that a violation of § 31–20–12 may be considered as evidence that a duty owed to schoolchildren was breached, but not that a duty to another motorist located down the road was breached. The trial court's in-

struction was therefore correct: no duty owed to Mr. Tillinghast was breached in Mr. Paquin's passing the schoolbus.

II

## THE MOTION FOR A NEW TRIAL

The defendant's second contention is that the trial court erred in not granting defendant's motion for a new trial on the issue of damages. The defendant asserts that the evidence did not support the jury's award of $18,000 for plaintiff.

■ The task of assessing compensatory damages is peculiarly within the province of the jury. Nonetheless, a new trial on the issue of damages may be ordered if the trial court independently determines that the award is so excessive in comparison to the injuries sustained as to fail to work substantial justice between the parties. *Pimental v. Postoian*, 121 R.I. 6, 12, 393 A.2d 1097, 1101 (1978). In evaluating whether justice has been achieved, the trial court should permit the jury substantial latitude and vacate an award only if it is so grossly excessive as to shock the conscience or if the jury was clearly influenced by passion or prejudice or proceeded in a clearly erroneous fashion in arriving at the award. *Id.*

■ If the trial court upholds the jury's verdict and denies a motion for a new trial on the issue of damages, its ruling is entitled to great weight and will not be disturbed on appeal unless the court has overlooked or misconceived material evidence or is otherwise clearly wrong. *Connors v. Gasbarro*, 448 A.2d 756, 759 (R.I.1982).

In this case the defendant merely asserts that the evidence submitted on lost wages was "unreliable" and that the jury award "seems to have been influenced by passion or prejudice." Nothing is offered to show how the trial court overlooked or misconceived evidence. In fact, the trial court fully reviewed the evidence and properly found that the award was neither grossly excessive nor conscience-shocking:

"We have evidence of a great deal of pain and suffering, of persistent headaches, loss of sleep, a degree of emotional disturbance which almost prevented [plaintiff] from being a passenger in a car, much less operating a vehicle. Headaches which precluded him from working at another and different kind of work following this accident. Treatment with two doctors * * *.

"To the Court's mind this [award] is far from being grossly excessive. This is what might be termed a modest award of damages."

■ The defendant has not met his burden of showing that the trial court overlooked or misconceived evidence or was clearly wrong. Further, the record supports the trial court's findings.

For these reasons, the defendant's appeal is denied and dismissed, the judgment appealed from affirmed, and the papers remanded to the Superior Court.