■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BROWN, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), rendered March 4, 1987, which convicted defendant, after a jury trial, of the crime of robbery in the second degree (Penal Law § 160.10 [2] [b]), and which sentenced him, as a second violent felony

offender, to an indeterminate prison term of from 6 to 12 years, is unanimously affirmed.

The trial court did not err in instructing the jury, in response to a juror's note requesting information, as to "guidelines of fingerprinting as to verifying proof of defendant's owning [a] gun", that the matter was not in evidence, and that the jury should not speculate as to it. Defendant failed to preserve this issue for our review (CPL 470.05 [2]). In any event, the jury could consider the fact that fingerprint tests had not been conducted; however, the reason why they might not have been conducted or the police guidelines relative thereto was an ancillary issue, on which there was no evidence presented, and the court's charge was correct *(compare, People v Rodriguez,* 141 AD2d 382 [1st Dept 1988]).

Nor was the trial court in error in denying defendant's application to instruct the jury with respect to its supplementary *Allen* instruction that individual jurors should vote their conscience, and that "this is not a ruling of the majority". The trial court's inclusion of such balancing language in its main charge and the supplementary instruction, as an entirety, was not coercive. Further, we note the extensive lapse of time between the instruction and the verdict which, *inter alia,* acquitted defendant on one of the major counts.

We have examined defendant's other contentions, and find them to be without merit. Concur—Murphy, P. J., Ross, Ellerin, Smith and Rubin, JJ.