■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
KIM HUMPHRIES, Appellant. [616 NYS2d 966] —Judgment, Su-
preme Court, New York County (Mary McGowan Davis, J.),
rendered September 25, 1992, convicting defendant, after a
jury trial, of criminal sale of a controlled substance in the
third degree, and sentencing him, as a predicate felon, to a
term of 5½ to 11 years, unanimously affirmed.

The closure of the courtroom during the testimony of the
undercover officer was proper where he testified he had a
pending investigation in close proximity to the scene of the
subject transaction (People v Martinez, 82 NY2d 436). No
objection was raised to the prosecutor's summation and we
decline to review defendant's current objections in the interest
of justice. Were we to review, we would find defendant's
contentions to be without merit. Concur—Murphy, P. J., Elle-
rin, Ross, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TERRY DAVIS, Appellant. [616 NYS2d 966] —Judgment, Supreme
Court, Bronx County (Arlene Silverman, J.), rendered August
10, 1992, convicting defendant, after jury trial, of robbery in
the second degree, and sentencing him, as a second felony
offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant failed to preserve his current claim of a jury
charge error by specific objection at trial (CPL 470.05). In any
event, we note that the trial court properly instructed the
jurors that there was no evidence from which their question
might be answered (see, People v Brown, 155 AD2d 306, 307, lv
denied 75 NY2d 811). Additionally, the trial court fully in-
structed the jury with respect to credibility determinations,
and its findings in that regard, supported by the record, will
not be disturbed by this Court (People v Siu Wah Tse, 91
AD2d 350, 352, lv denied 59 NY2d 679). Concur—Murphy,
P. J., Ellerin, Ross, Nardelli and Williams, JJ.