Javier **RODRIQUEZ**

v.

Michael **KENNEDY.**

No. 96–539–Appeal.

Supreme Court of Rhode Island.

Jan. 28, 1998.

Abraham Belilove, Providence, for Plaintiff.

John G. Rallis, Providence, Paul V. Ryan, Columbia, SC, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this slip-and-fall negligence case, the plaintiff, Javier Rodriquez, appeals from a Superior Court judgment following a jury verdict in favor of the defendant, Michael Kennedy. The plaintiff argues that the trial justice erred in granting the defendant's motion in limine to preclude the plaintiff's expert from testifying about certain building-code standards and lighting-safety requirements. After ordering both parties to show cause why we should not decide this appeal summarily, we conclude that no cause has been shown and affirm the Superior Court's judgment.

The defendant was the owner of a multi-family dwelling in Providence. This house is in a historic district and is apparently recognized as a historic home by the local preservation society. The plaintiff was a tenant of defendant's, residing in the house's third-floor apartment. The plaintiff claimed that one day, when he walked out the house's front door to retrieve his mail, he slipped on a concrete step, fell to the ground, and sustained serious personal injuries.

The plaintiff brought suit in the Superior Court, alleging that defendant had been negligent in failing to provide adequate illumination and a railing for the front steps at the house. Before trial, defendant filed a motion in limine to preclude plaintiff's engineering expert from testifying about alleged building-code violations involving the front steps. The defendant argued that historic buildings are exempted from the building code. Further, defendant contended that his four-unit building either was not subject to code provisions relating to one-and two-family dwellings or was "grandfathered" from compliance.

The trial justice partially granted the motion in limine. As far as the step dimensions were concerned, the court held that they were exempt from compliance with the building code and that any expert testimony regarding noncompliance would be excluded. As to the lack of a railing, the court held that the expert was precluded from testifying about building-code railing requirements because plaintiff had failed to show that the lack of a railing was in any way responsible for plaintiff's injuries. However, the trial justice ruled that he would allow the expert to testify concerning whether the lighting was adequate to meet safety requirements, provided plaintiff could lay the proper foundation for such testimony.

At trial the expert testified that he inspected the premises and took photographs during a September midmorning while the weather was clear. The expert stated that he noted two street lights in front of the building that flanked it on either side. Although the court allowed the expert to testify about the minimum lighting required to meet the relevant safety standards, the expert stated that he had not conducted any quantitative tests to determine whether the street lights provided enough light to meet those standards. As a result the trial justice would not allow the expert to testify about whether the amount of illumination on the steps when this accident occurred met minimum safety requirements.

The determination of admissibility of an expert witness's testimony rests within the sound discretion of the trial justice. *State v. Capalbo*, 433 A.2d 242, 246 (R.I. 1981); *State v. Porraro*, 121 R.I. 882, 892, 404 A.2d 465, 471 (1979). A qualified expert

witness may give his opinion or state a fact based on specialized knowledge when such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." R.I.R.Evid. 702. Prior to the admission of expert testimony, a trial justice must consider whether the testimony sought is relevant, within the witness's expertise, and based on an adequate factual foundation. However, once these questions have been favorably determined, the evidence generally ought to be admitted. *See State v. Wheeler,* 496 A.2d 1382, 1388 (R.I.1985). "Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." *Id.* Further, "an expert's opinion must be predicated upon facts legally sufficient to form a basis for his conclusion." *Alterio v. Biltmore Construction Corp.,* 119 R.I. 307, 312, 377 A.2d 237, 240 (1977); *see also Gorham v. Public Building Authority of Providence,* 612 A.2d 708, 717 (R.I.1992) (error to accept expert's appraisal of real estate that lacked necessary consideration of developmental costs, business marketability, feasibility analysis, and cash-flow projections).

■ In this case the expert had not conducted the necessary tests of the lighting conditions to enable him to offer an informed expert opinion. The expert testified that although he had the ability to recreate and measure the lighting conditions as they existed at the time of the accident, he had not done so. Hence the trial justice was justified in concluding that the expert's proffered testimony about whether the minimum safety standards for lighting had been met would have been mere speculation. We therefore conclude that the trial justice did not err in excluding such testimony.

The trial justice also excluded proffered expert testimony regarding the dimensions of the steps and the lack of a railing. These evidentiary exclusions were based on the court's finding as a matter of law that the building was exempt from the applicable building codes and safety standards. Further, the exclusion of the evidence pertaining to the lack of a railing flowed from the trial justice's conclusion, based upon the factual foundation before him, that the absence of a railing did not cause or contribute to plaintiff's injuries.

■ We hold that the trial justice did not err in excluding expert testimony relative to the step dimensions or the lack of a railing. In *Pankiw v. Polish National Catholic Church of Our Savior,* 493 A.2d 819 (R.I. 1985), this court was faced with a similar question. There, the plaintiff brought a negligence action against her church after slipping and falling on the church staircase. The staircase and the church had been constructed in 1965. At trial the court excluded evidence offered by the plaintiff's expert witness concerning whether the staircase was in compliance with the current building code and also excluded the expert's opinion about whether the staircase was unreasonably dangerous. *Id.* at 821. The court's basis for excluding the testimony was the fact that the expert admitted that he was not familiar with the building code as it existed in 1965, the relevant period. Thereafter, the trial court granted the church's motion for a directed verdict. This court affirmed the judgment, relying on the trial court's exercise of discretion in determining that the expert was not competent to testify regarding the question of whether the church violated the 1965 safety standards. *Id.*

One year later, this court decided the case of *Brodeur v. Desrosiers,* 505 A.2d 418 (R.I. 1986). There the plaintiff had attempted to descend some steps to leave the defendant's house, when she lost her balance and fell through an open cellar door and down a stairway. *Id.* at 419–20. At trial on her claim of negligent design and maintenance of the stairway and landing area, the trial justice refused to give the plaintiff's proposed jury instructions regarding noncompliance with the building code. The trial justice relied upon his determination that the defendant's home had been built prior to the adoption of the building code and that the home was therefore exempt from the code's provisions. *Id.* at 421. On appeal, the plaintiff in *Brodeur* argued that although the defendant there was exempt from criminal violations of the code, failure to comply with the safety

standards contained in the code should still be admissible as evidence of negligence. *Id.* However, this court discerned no error in the trial justice's refusal to instruct on the failure to comply with the code.

"Here, since neither the statute nor the ordinance is applicable to the condition that existed at the time [the defendant] purchased his house in the mid–1960s, the trial justice was not required to charge as requested by [the plaintiff]. To admit such a statute, or to instruct regarding its use, not only would unjustly prejudice the defendant, but would also fly in the face of the specifically stated intent of the Legislature that the statute be nonretroactive." *Id.* at 422.

Relying upon this court's holdings in *Pankiw* and *Brodeur,* we are of the opinion that the trial justice did not err in excluding the plaintiff's expert testimony relative to the steps and the railings. As we have previously discussed, the trial justice also properly excluded the proffered expert testimony relating to the lighting conditions. For these reasons the plaintiff's appeal is denied and dismissed.