■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WOODS, Appellant. [737 NYS2d 29] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered July 22, 1999, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 8 to 16 years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

The court's failure to respond to two requests by the jury for further instruction deprived defendant of his right to a fair trial. CPL 310.30 provides that upon the jury's request for further instruction, "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper." While the trial court possesses some discretion in framing its answer, "it must respond meaningfully to the jury's inquiries" (*People v Almodovar*, 62 NY2d 126, 131). Even where the question posed is considered improper, rather than providing no response, in such instances a court should provide guidance, that is, a meaningful response to the note (*see, e.g., People v Esquilin*, 236 AD2d 245, *affd* 91 NY2d 902; *People v Davis*, 208 AD2d 354, *lv denied* 84 NY2d 934).

In cross-examining the detective who questioned defendant, and again in his summation, defense counsel raised the question of how the detective could have given defendant his *Miranda* warnings at 10:35 A.M., then taken an oral statement, and thereafter taken a written statement beginning at 10:36 A.M., as noted at the top of defendant's written statement, and concluding at 10:51 A.M., as indicated at the end of the written statement. The jury indicated that it was troubled by this issue, first when it sent a note to the court asking, "prior to being arrested, can a person be asked to answer any questions before being read his *Miranda* rights?" and in a subsequent note asking "[w]as [defendant] supposed to be Mirandized prior to his initial verbal statement?" To both questions, the court responded by informing the jury that it could not answer the question.

The issue of whether the oral statement was taken in violation of defendant's constitutional rights was squarely raised. While the adequacy of the court's response to the jury's notes was arguably sufficiently preserved for appellate review, in any event we address the issue in the interest of justice. While the court included with the initial charge to the jury an instruction concerning the issue of the voluntariness of a defendant's statements, that initial instruction stopped once it explained that a statement was not voluntary if it was obtained "in violation of the defendant's rights under the Constitution of the United States or the State of New York. These constitutional rights include the right to remain silent and the right to the advice and assistance of a lawyer before the defendant answers any questions and gives a statement to the police or prosecutor."

Inasmuch as the jury was clearly trying to decide if the time frame given by the detective was credible and if defendant's statements were indeed voluntary as that term is defined by law, the court's responses "I can't answer that question" and "I cannot give you an answer to that question," to the jury's appeals for clarification and guidance, do not satisfy the requirement of a meaningful response (*see, People v Lourido*, 70 NY2d 428, 435). We note that portions of the applicable standard criminal jury instruction pertain directly to the rule that a defendant must be given *Miranda* warnings before questioning only if he is in custody at the time (*see*, 1 CJI[NY] 11.02, at 663-664).

Moreover, while a failure to respond meaningfully to a jury note is not reversible in the absence of serious prejudice (*see, People v Agosto*, 73 NY2d 963, 966), here serious prejudice is established because if the jury determined that defendant's statements were involuntary, the remaining evidence of defendant's guilt would have been insufficient.

Finally, the People's reliance on *People v Medina* (146 AD2d 344, *affd on other grounds* 76 NY2d 331) is misplaced. In *Medina*, the issue of the admissibility of a defendant's statement was not submitted to the jury because there was a question as to whether defendant's right to counsel had attached under the *Rogers-Bartolomeo* rule. This Court held that the issue was a legal one and properly withheld from the jury because "[t]o decide this issue * * * would require a knowledge of the criminal justice system which not only lay people, but even lawyers who are active in such practice, do not possess" (*id.* at 350). Here, notwithstanding the People's position that the jury's questions required a legal ruling beyond its responsibility, the fact issue of whether a defendant's statement is voluntary may properly require a determination by the jury of whether the police procedure violated the defendant's constitutional rights by questioning him while he was in custody without first informing him of his *Miranda* rights (*see*, 1 CJI[NY] 11.02). Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Rubin, JJ.