DECISION
This matter is before the Court on the motion of the defendant, C D Restaurant, Inc. (defendant), for a new trial, pursuant to Super. R. Civ. P. 59, to which the plaintiff objects. This Court will also consider defendant's Motion to Supplement the Trial Record. On December 17, 2001, the jury returned a verdict in favor of the plaintiff and found plaintiff to be 39 percent liable and defendant 61 percent liable.
 Facts/Travel
The underlying facts of this matter were set out by the Rhode Island Supreme Court in Michalopoulos v. C.D. Restaurant, Inc. d/b/a "Eddie andConrad's Fine Foods," 764 A.2d 121 (R.I. 2001). On July 17, 1993, at approximately 11:30 p.m., Thomas S. Michalopoulos ("plaintiff') was injured while removing disc jockey equipment from the defendant's premises. Id. at 123. The plaintiff was carrying about forty-five to fifty pounds of equipment when he stepped across some nineteen inches from an elevated platform to a set of stairs leading to the back door. Id. As he was placing his right foot on the top step, the stairs went out from under him. Id. He struck his back against the elevated platform and landed on the floor. Id. Prior to the fall, plaintiff was unaware that the stairs were moveable. Id.
After a five-day trial, a Superior Court jury returned a verdict in favor of the plaintiff finding plaintiff to be 80 percent at fault and the defendant 20 percent at fault and assessing damages in the amount of $172,712.69. Id. Thus, after apportioning comparative negligence plaintiff was awarded $34,542.42, plus interests and costs. Id. Plaintiff moved for a new trial and/or an additur on the issue of damages only on the ground that the apportionment of liability was against the weight of the evidence. Id. The trial justice agreed and granted plaintiffs motion for a new trial, granted the motion for an additur, and reapportioned the comparative negligence of the parties. Id. The trial justice held that the defendant was 60 percent negligent and plaintiff was 40 percent negligent. Id. The defendant brought a timely appeal asserting that the trial justice erred in permitting certain expert testimony and in reapportioning liability of each of the parties. Id. The Rhode Island Supreme Court found no error and affirmed the judgment. Id. at 125. The Court remanded the matter to the Superior Court for a new trial on the issue of the apportionment of comparative liability unless the defendant accepted the additur that resulted from the trial justice's reapportionment of the comparative negligence of the parties. Id.
A new trial on the sole issue of apportionment of liability was conducted in December 2001. A jury rendered a verdict in favor of the plaintiff, who was found 39 percent negligent, and defendant, who was found 61 percent negligent. Defendant filed a timely motion for a new trial pursuant to Super. R. Civ. P. 59. Defendant's request for a hearing relative to the trial judge's conduct was granted and, in an effort to avoid any appearance of partiality, pursuant to Article VI, Canon 3E of the Code of Judicial Conduct, the trial justice recused herself from passing on the allegation of "judicial misconduct" and referred that portion of the motion for a new trial to the Presiding Justice.Michalopoulos v. C D Restaurant. Inc. d/b/a "Eddie and Conrad's FineFoods," C.A. No. P.C. 95-6509, February 21, 2002, Gibney, J. (Order).
Before this Court are the various other issues raised in defendant's motion for a new trial. Defendant contends that a new trial is warranted because the jury's verdict was against the weight of the record evidence; was against applicable law; failed to do substantial justice between the parties; and failed to respond to the merits of the action. Moreover, defendant argues that the verdict was based on a number of errors committed by the trial justice, including her rulings with respect to the admissibility of evidence offered by both plaintiff and defendant; her acceptance of expert testimony; and her refusal to answer a question posed by the jury during its deliberations. Thus, defendant moves that this court grant a new trial in this matter.
 Standard of Review
This case comes before this Court pursuant to Super. R. Civ. 59, which provides that:
 "[a] new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state."
The role of a trial justice when reviewing a motion for a new trial is well settled in this jurisdiction. The trial justice, sitting as an extra juror, must "independently weigh, evaluate and assess the credibility of the trial witnesses and evidence." Graff v. Motta, 748 A.2d 249, 255 (R.I. 2000) (quoting Morrocco v. Piccardi, 713 A.2d 250, 253 (R.I. 1998) (per curiam)). He or she may accept some or all of the evidence and reject testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence or because it is inherently improbable or at variance with undisputed physical facts or laws.Barbarto v. Epstein, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964). The trial justice also may add to the evidence by drawing proper inferences.Id. at 193-94, 196 A.2d at 837. Upon determining that the evidence is evenly balanced or is such that reasonable minds, in considering the same evidence, could come to different conclusions, the trial justice must allow the verdict to stand, Graff, 748 A.2d at 255, even if the trial justice entertains some doubt as to its correctness. Marcotte v.Harrison, 443 A.2d 1225, 1232 (R.I. 1982). However, if after making an independent review of the evidence, the trial justice finds that the jury's verdict is against the fair preponderance of the evidence and fails to do substantial justice, the verdict must be set aside. Recckov. Criss Cadillac Co., Inc., 610 A.2d 542, 545 (R.I. 1992) (citingSarkisian v. New Paper, Inc., 512 A.2d 831, 835 (R.I. 1986)). Even though the trial justice "need not perform an exhaustive analysis of the evidence, he or she must refer with some specificity to the facts which prompted him or her to make the decision so that the reviewing court can determine whether error was committed." Reccko, 610 A.2d at 545 (citingZarrella v. Robinson, 460 A.2d 415, 418 (RI. 1983)).
 Evidence
Defendant argues that the Court erred with respect to decisions rendered regarding the admissibility of certain pieces of evidence. First, defendant asserts that it was erroneous for the trial justice to permit plaintiff to introduce the revised ordinances of the City of Central Falls, which adopted the 1970 Basic Building Code, and a January 17, 1980 Fire Safety Report prepared by the State of Rhode Island Division of Fire Safety. Defendant contends that these documents contained irrelevant, prejudicial, and collateral information that served to prejudice him in the eyes of the jury. In addition, defendant asserts that the Court erred in excluding the August 23, 1993 letter he sought to introduce from plaintiffs first counsel advising defendant of first counsel's representation of plaintiff.
On December 12, 2001, Defendant moved to supplement the trial record with the August 23, 1993 letter from Plaintiffs first counsel. Defendant argued that since the letter was "referenced, identified and read from during Defendant's two sidebar offers of proof' the letter should be made part of the record. For the reasons, set forth in the text of this decision, Defendant's motion to supplement the trial record must be and is denied.
With respect to the new trial motion, defendant argues that the letter contained a contradictory account regarding how the accident occurred which constituted relevant evidence that calls into question plaintiffs credibility. Defendant contends that these errors provide ample grounds for a new trial.
In response to defendant's motion for a new trial, plaintiff filed an objection that incorporates his oral arguments at the December 13, 2001 hearing in support thereof. At that hearing, plaintiff noted the relevance of the building codes in that "there were violations of the building codes and the jury could consider that as evidence of negligence." (Tr. of Dec. 13, 2001 hearing at 2.) In addition, plaintiff maintains that the Fire Safety Report was properly admitted since it was consistently referenced by defendant's witness, Central Falls Fire Chief Rene Coutu, during his testimony. Id. at 8-9. Thus, "it was entirely appropriate for the jury to see the report itself so it could make its own decision about some of the matters about which there was testimony." Id. at 9. In addition, plaintiff avers that the Court "correctly rejected the attorney's letter as a piece of evidence in this case." Id. Plaintiff states that although prior counsel may have been authorized to represent plaintiff generally, he did not have any authority to erroneously describe how the accident occurred. Id. at 10. Therefore, the ruling was proper.
"It is well settled in this jurisdiction that the admission of evidence objected to as being irrelevant or immaterial is within the sound discretion of the trial justice." Kelaghan v. Roberts, 433 A.2d 226, 231 (R.I. 1981) (citing Atlantic Paint Coatings. Inc. v. Conti, R.I.,381 A.2d 1034, 1036 (1977) and Engelhardt v. Bergeron, 113 R.I. 50, 57-58, 317 A.2d 877, 882 (1974)). Moreover, the exclusion of such evidence will not constitute a basis for reversal unless the trial justice abused his discretion. Id. (citing Aiello Const., Inc. v.Nationwide Tractor, etc., 122 R.I. 861, 413 A.2d 85, 89 (1980)). Such an abuse of discretion must cause substantial injury to the party seeking the admission of such evidence. Gaglione v. Cardi, 388 A.2d 361, 363,120 R.I. 534 (1978). Finally, "[s]ubstantial injury occurs only if such evidence was relevant and material to a crucial issue and if the evidence, if admitted, would have had a controlling influence on a material aspect of the case." Id. at 363. (citing Urbani v. Razza,103 R.I. 445, 449, 238 A.2d 383, 386 (1968)). The burden of demonstrating that the proposed evidence was material and that its exclusion had a prejudicial influence on the decision rests upon the party seeking its admission. Id. (Citations omitted.)
In the instant matter, this Court admitted the revised ordinances of the City of Central Falls and the 1970 Fire Safety Report because the information contained in these documents was relevant to the issue before the jury. Relevant evidence is that evidence tending "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." State v. Tassone, 749 A.2d 1112, 117 (R.I. 2000) (quoting R.I. Evid. 401)). Defendant appears to concede the relevance of the ordinances when he writes "[d]efendant stipulated to the applicability of the 1970 BOCA Building Code as applicable to the 1972 construction of the subject matter steps and one-step platform." (Def.'s Mem. of Law at 2.) The 1970 Fire Safety Report was properly admitted into evidence after it had been referred to by Defendant's witness, Chief Coutu, in his testimony.
Defendant argues that the trial justice should have admitted as evidence the letter written by plaintiffs first counsel under Rule of Evidence 801 (d)(2)(C), which provides an exception to the hearsay rule if the statement offered against a party is "a statement made by a person authorized by the party to make a statement concerning the subject." However, the record evidence indicates that it is uncertain whether prior counsel was authorized to make any statements regarding the accident in which plaintiff was involved. Prior counsel was hired by plaintiffs wife, and he did not speak with plaintiff directly regarding the accident before sending the letter to defendant. The ruling excluding the letter was proper.
Accordingly, the Court acted within its discretion in permitting the introduction into evidence of the ordinances for the City of Central Falls and the 1970 Fire Safety Report and in excluding the letter from prior counsel to defendant. Moreover, defendant has failed to carry his burden in showing that the admittance and exclusion of certain evidence had a prejudicial effect on the verdict that was reached by the jury, a verdict virtually identical to the apportionment found by the earlier trial justice.
 Motion in Limine
Defendant next argues that this Court erred in denying his motion inlimine to prevent the introduction of any building codes and ordinances. Defendant contends that since "Plaintiff was not using the steps in a proper manner," plaintiff was not a member of the protective class for whom the codes and ordinances were written. Thus, defendant asserts that plaintiff cannot seek the benefit of the building codes and ordinances. Defendant relies on the Rhode Island Supreme Court's holdings in Paquinv. Tillinghast, 517 A.2d 246 (R.I. 1986) as well as Rodriguez v.Kennedy, 706 A.2d 922 (R.I. 1998), and its progeny to support his argument. Plaintiff maintains that the City of Central Falls ordinance accepting the building codes was "correctly admitted" since this information was relied upon by one of the expert witnesses in his testimony. (Tr. of Dec. 13, 2001 hearing at 10.)
Defendant's reliance on the aforementioned cases, however, is misplaced. First, Paquin v. Tillinghast, 517 A.2d 246, 247 (RI. 1986), is distinguishable from the instant case because there the Court was faced with a penal statute rather than a building code or ordinance. It is well-established that the violation of a penal statute can be used by those injured persons who fall within the "protective orbit" of the statute as prima facie evidence of liability. Id. at 248. Defendant correctly states that in Rodriguez v. Kennedy, 706 A.2d 922, 924 (R.I. 1998), the Rhode Island Supreme Court upheld a trial justice's exclusion of proffered expert testimony regarding the dimensions of the steps and the lack of a railing. However, these exclusions were based on the court's finding, as a matter of law, that the building was exempt from certain applicable building codes and safety standards. Id. at 923. In addition, the trial justice excluded evidence regarding the lack of a railing based on the trial judge's conclusions that the absence of a railing did not cause or contribute to plaintiffs injuries. Id. Thus, the facts in Rodriguez are distinguishable from those in the instant case where the trial justice never determined that the building codes were inapplicable or that the lack of a railing did not cause or contribute to the accident. Similarly, Pankiw v. Polish National Catholic Church of OurSavior, 493 A.2d 819, 819 (R.I. 1985), involved a slip and fall accident that occurred on the staircase of a church that had been constructed in 1965. The trial judge excluded evidence offered by the plaintiffs expert witness that the staircase was in compliance with the current building code and also excluded the expert's opinion that the staircase was unreasonably dangerous. Id. at 821. The Rhode Island Supreme Court affirmed the judgment and relied on the trial justice's exercise of discretion in determining whether the expert was competent to testify regarding whether the church violated the safety standards. Id. Finally,Brodeur v. Desrosiers, 505 A.2d 418, 420 (R.I. 1986), involved a slip and fall case where the trial judge refused to give the plaintiffs proposed jury instructions regarding noncompliance with the building code. The trial justice relied on his determination that the defendant's home, where the accident occurred, was built prior to the adoption of the building code and therefore the home was exempt form code provisions.Id. at 421. The Supreme Court found no error in the trial judge's refusal to instruct on the failure to comply with the code. Id. at 422. Thus, the cases relied upon by defendant, in arguing that this Court erred in allowing evidence of the building code and testimony thereon, are distinguishable and thus inapplicable to the instant matter.
 Expert Witnesses
Defendant next argues that the Court erred in qualifying Frederick W. Brown ("Brown") and Robert L. Smith ("Smith") as expert witnesses and in permitting these individuals to testify relative to their interpretation of the 1970 state building code. Moreover, defendant argues that the Court erred in permitting the expert witnesses to present cumulative evidence. Plaintiff contends that Brown, given his twelve year tenure as the Building Official for the Town of Jamestown, was properly qualified as an expert and that Smith's substantial experience with the "North Providence Board of Review reviewing building code decisions and interpreting building code matters" is likewise qualified. This Court has found that each gentleman was uniquely qualified to testify; each from his respective perspective. Their testimony was not cumulative but complementary.
Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of fact or opinion." Moreover, it is well established law that the qualification of an expert witness and the matters to which the expert may testify are considered to be within the sound discretion of the trial justice. ADP Marshall, Inc. v. BrownUniversity, 784 A.2d 309, 314 (R.I. 2001) (Citations omitted.) In determining whether a witness is an expert, "[p]rime considerations . . . include evidence of the witness's education, training, employment, or prior experiences." State v. Villani, 491 A.2d 976 (RI. 1985). The record evidence in the instant case contains the extensive curriculum vitae of Brown, which lists the witness' education and employment history. In addition, the record also includes Smith's testimony regarding his qualifications as a civil engineer and as chairman of the North Providence Building Board of Review. (Tr. of Sept. 10, 199 hearing at 248-254.) Their qualifications warranted, and justified, their testimony.
Defendant further argues that the Court erred in permitting the expert witnesses to "interpret, construe and apply the 1970 State Building Code notwithstanding this function being exclusively reserved for the Court and not proper subject matter for expert witness testimony." (Def.'s Mem. of Law at 14.) Defendant contends that the trial justice erred in permitting various sections of the 1970 BOCA code, including § 618.0 (Interior Exitway Stairways); § 618.5 (Stairway Guards and Handrails); and § 606.1 (Exitway Buildings — Owner's Responsibility), to be interpreted by plaintiffs expert witnesses. (Def.'s Mem. of Law at 20.) It is a general rule that "courts do not allow opinion evidence on a question of law." Jameson v. Hawthorne,635 A.2d 1167, 1171 (R.I. 1994) (citing McCormick, Evidence § 12 at 31 (3d ed. Cleary 1984)). See also, 32 C.J.S. Evidence § 519 (1996) ("[T]here is a strong consensus among the jurisdictions, amounting to a general rule, that witnesses may not give an opinion on a question of domestic law or on matters which involve questions of law.") 31A Am.Jur.2d Expert and Opinion Evidence § 136 (1989) ("As a general rule, a witness will not be permitted to state a conclusion, or opinion, of law.")
There are, however, a number of flaws with Defendant's argument on this issue. First, Defendant has failed to support these sweeping and generalized claims with any specific references to questions posed to the witnesses wherein they were required to draw conclusions of law based on the evidence before them. See Barnes v. Quality Beef Co., Inc.,425 A.2d 531 (1981); Rivard v. Plante, 80 R.I. 312, 96 A.2d 644, 647 (1953). Barnes v. Quality Beef Co. Inc., 425 A.2d 531 (1981) involves a negligence action that arose out of an automobile collision. The trial justice permitted the following question posed by the defendant to a witness of the collision: "Mrs. Barnes, would you tell me what facts which have come to your knowledge upon which you rely to support your allegation that Mark Cromwell is guilty of negligence?" Id. at 534. In addition, the trial justice sustained an objection to the following question: "You do know, Mr. Ravenelle, that you might still be subject to a third party action by Quality Beef for contribution in the event of a judgment against them, if they conclude that you did contribute to the accident: you know that, don't you?" Id. at 535. The Rhode Island Supreme Court found no abuse of discretion in the trial justice's decisions. Id. at 534-35. The Court found that the first question "calls for facts and not a conclusion of law, "but that the second inquiry sought "a conclusion on a complex question of law in rather abstruse terms." Id
Also in Rivard v. Plante, 80 R.I. 312, 96 A.2d 644, 647 (1953), the Rhode Island Supreme Court upheld a trial justice's decision to disallow testimony by "an insurance investigator concerning defendant's subsequent statements as to his liability." The Court upheld the trial justice's ruling that "the form of the question would require a legal conclusion and would make the witness a judge of defendant's liability." Id.
In the instant matter, Defendant has failed to identify the instances where Plaintiffs expert witnesses interpreted the building codes and erroneously opined on matters involving questions of law. In addition, "[t]he necessity for the use of expert testimony is a matter which to a considerable extent lies within the sound discretion of the trial court."Barenbaum v. Richardson, 114 R.I. 87, 328 A.2d 731, 734 (1974). Unlike the jury in Barenbaum, which needed no help from an expert architect to conclude that a faulty stair design might have precipitated a fall, the jury here was confronted with technical sections of the code warranting explanations by a building inspector who daily interprets such provisions. The trial justice acted within her discretion in deciding that the receipt of such information would be helpful to the "jury in its quest for the truth." Id. at 733.
Finally, defendant argues that the Court erred in allowing the presentation of cumulative evidence offered by plaintiffs expert witnesses. Defendant relies on Rule of Evidence 403 which states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Rhode Island Supreme Court has opined, however, that "[t]he ultimate determination of the effect of evidence lies in the sound discretion of the trial justice." State v. Oliveira, 774 A.2d 893, 924 (2001) (citingState v. Aponte, 649 A.2d 219, 223 (R.I. 1994)). See Morrarty v. Reali,100 R.I. 689, 219 A.2d 404 (1966) (photos of plaintiff on crutches while convalescing admissible despite its cumulative evidence); Fontaine v.Devonis, 114 R.I. 541, 336 A.2d 847 (1975) (exclusion of diagram in police report showing route of car upheld as cumulative); P.D. Cecca Co. v. Antonelli, 51 R.I. 280, 154 A.87 (1931) (exclusion of delivery slips upheld as cumulative where evidence submitted by both parties proved defendant received goods from plaintiff). As noted earlier, each expert testified from his own unique perspective based upon his training and experience. The testimony was not cumulative.
 Questions from the Jury
Finally, defendant asserts that the trial justice erred when she failed to answer in a direct and specific manner the question posed by the jury requesting the building code provision referenced by plaintiffs counsel during his closing argument. The trial justice responded to this inquiry by stating to the jury that "it had all that was pertinent" to make its decision. Defendant insists, however, that through this response the trial justice "accentuated Plaintiffs claim to Defendant's detriment." (Def.'s Mem. of Law at 28.) However, plaintiff maintains that the trial justice's response was "entirely appropriate and the most neutral possible response." (Tr. of December 13, 2001 hearing at 8.) It was an appropriate response albeit not the one Defendant wanted.
The Rhode Island Supreme Court has held that "[i]n a situation in which a jury poses a question to the trial justice after the commencement of deliberations, due process requires the justice to "answer the jury's specific questions."' State v. Martino, 642 A.2d 679, 682 (R.I. 1994) (citing State v. Collazo, 446 A.2d 1006, 1013 (R.I. 1982) and State v.Giordano, 413 A.2d 93, 94 (R.I. 1980)). Thus, in McKinnis v. Women andInfants Hospital of Rhode Island, 749 A.2d 574 (R.I. 2000), the Court found that an error arose in the charge to the jury where the trial justice failed to define negligence and the defendant's duty of care. Also, the Court found that the trial justice failed to respond to the jury's explicit request during its deliberations for a definition of the standard of negligence. As the Court explained, it is the "trial justice's duty to instruct the jury with preciseness and clarity so that the jury is neither misled nor confused." Id. (citing Smith Dev. Corp.v. Bilow Enterprises. Inc., 112 R.I. 203, 207, 308 A.2d 477, 480 (1973)). In McKinnis, the trial justice responded to the jury's query by "merely cho[osing] to repeat portions of the original instruction, and failed to affirmatively respond to the trial jury's specific request for clarification." Id. at 576. The Rhode Island Supreme Court here held that in the context of a medical malpractice suit, a reasonable jury could well have been "misled" by the trial justice's failure to affirmatively define negligence. Id. Cf. State v. Brown, 99-325-CA., slip op. at 7-8 (R.I., filed June 13, 2002) ("even if a trial justice's comment appears to have crossed the bounds of impartiality . . . it is not always sufficiently prejudicial to warrant a mistrial."
The instant case, however, is distinguishable from McKinnis, and its facts more closely resemble those cases wherein the Court has found no error where the trial justice responded to a question by the jury by stating that the information sought was not in evidence. See State v.Bassett, 447 A.2d 371, 374 (R.I. 1982) (The Court rejected defendant's claim that the trial justice's response that further evidence sought by jury was not in evidence created a damaging "inference" by finding that the alleged "inference" "ha[d] no basis in fact and amounts to pure speculation."); State v. Kanderski, 106 R.I. 1, 255 A.2d 154, 157 (1969) (The Court held that the defendant's assertion that the trial justice's instruction to the jury that it had all the evidence before it did not create an "inference" that the defense withheld evidence, in fact, "the alleged inference has no basis whatsoever in fact.").[1] Here, the jury had before it various sections of the building code, which had been admitted into evidence. The trial justice's statement that the jury had all the necessary evidence before it was both clear and direct in response to the jury's query regarding the building code provisions. This court rejects the defendant's assertion that the trial justice's response created the inference that the building code provision existed despite defendant's claims to the contrary. Similar to the defendants' claims inBassett and Kanderski, the alleged "impression" left upon the jury by the trial justice's response is mere speculation with no basis in fact.
 Conclusion
After making an independent review of the evidence before it, this Court is satisfied that there are no errors of law warranting a new trial. For all of the foregoing reasons, defendant's motion for a new trial must be and is denied.
Counsel shall submit an appropriate order for entry.
[1] "In further support of his argument that the trial justice erred in failing to respond to a question posed by the jury during its deliberations, defendant in a letter dated July 22, 2002 brought to the Court's attention the case of People v. Woods, 737 N.Y.S.2d 29 (N.Y.A.D. 2002). In Woods, the trial justice answered a jury question by stating "I can t answer that" and "I cannot give you an answer to that question."Id. at 31. The Supreme Court of New York held this reply failed to satisfy the requirement of a "meaningful response." Id. Woods, which involved a "legal ruling beyond [the jury's] responsibility," is clearly distinguishable from the instant jury query, as well as from those inBassett and Kanderski regarding the status of the evidence. Id.