■ The People of the State of New York, Respondent, v Angel Urena, Appellant. [760 NYS2d 319] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered January 30, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion in admitting testimony that suggested the existence of contemporaneous uncharged drug sales since its probative value in providing a complete and coherent narrative of the offense, including an explanation of why the police targeted defendant for continuing observation, outweighed any prejudicial effect (*see People v Pressley,* 216 AD2d 202 [1995], *lv denied* 86 NY2d 800 [1995];

*People v Crespo,* 203 AD2d 182 [1994], *lv denied* 84 NY2d 824 [1994]).

The challenged portions of the prosecutor's summation were responsive to defense arguments and did not exceed the broad bounds of rhetorical comment permissible in closing argument (*see People v Overlee,* 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court provided a meaningful response when it properly advised the deliberating jury that its question regarding the interpretation of circumstantial evidence could not be answered with the simple "yes" or "no" called for by the question. The jury promptly reached a verdict without asking any follow-up questions (*compare People v Woods,* 290 AD2d 346 [2002]). In view of the overwhelming evidence of defendant's guilt, the court's response could not have caused any serious prejudice (*see People v Agosto,* 73 NY2d 963, 966 [1989]).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.