■ The People of the State of New York, Respondent, v William Footman, Appellant. [818 NYS2d 86]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), rendered November 18, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The jury's verdict rejecting defendant's agency defense was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490

[1987]). To the contrary, defendant and the undercover officer were strangers, defendant asked the officer what he wanted before the officer spoke to him, defendant thereafter acted with initiative, and both his conduct and that of codefendant Kempson were consistent with that of "two street-wise entrepreneurs" acting together in a drug operation (*People v Windley*, 78 AD2d 55, 58 [1980], *lv denied* 53 NY2d 713 [1981]). Moreover, by his own account, defendant's motive in obtaining drugs for the undercover officer was purely economic rather than social, and "[t]he defense of agency is not intended to protect a person who arranges a drug transaction for the purpose of earning the equivalent of a finder's fee or broker's commission, in contrast to a person who performs a 'favor,' possibly rewarded by a tip or incidental benefit" (*People v Elvy*, 277 AD2d 80, 80 [2000], *lv denied* 96 NY2d 783 [2001], citing *People v Lam Lek Chong*, 45 NY2d 64, 75-76 [1978], *cert denied* 439 US 935 [1978]).

The trial court's supplemental jury instructions regarding defendant's agency defense were proper in all respects, and accurately conveyed the law that the presence or absence of a prior agreement to share drugs was only one factor to be considered in evaluating an agency defense (*see People v Job*, 87 NY2d 956 [1996]). The court properly determined that the jury's question was not amenable to a yes-or-no answer (*see People v Steinberg*, 79 NY2d 673, 684-685 [1992]), and it is irrelevant that the court also determined that it could give such an answer to the jury's question on a different subject. In any event, were we to find any error in the supplemental instruction, we would find it to be harmless in view of the overwhelming evidence of defendant's guilt (*see People v Urena*, 306 AD2d 137, 138 [2003]), *lv denied* 100 NY2d 625 [2003]). Concur—Andrias, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.